Betty J. Larson, Plaintiff-Appellant, v. Howard Doner, Albert Pospischil, Joseph Natale, Floyd Nicolls, Harold Stauffacher, and the City of South Beloit, Illinois, Defendants-Appellees.

Gen. No. 11,542.

Second District, First Division.

November 13, 1961.

Downey, Layng & Anderson, of Rockford, for appellant.

Berry & Simmons, of Rockford, for appellee.

McNEAL, J.

Plaintiff Betty J. Larson was the city clerk and the defendants Howard Doner, Albert Pospischil, Joseph Natale, Floyd Nicolls and Harold Stauffacher were the mayor and commissioners of the city of South Beloit. Plaintiff alleged that on February 6, 1960 at a regular meeting of the city council, the defendants maliciously caused to be spread upon the public records of the city the following libelous resolution:

"In view of the preliminary report of Harms & Elliott, CPAs, Comm. Natale made a motion to temporarily suspend Betty Larson from the office of City Clerk for malfeasance and negligence, until audit is completed and reported. Motion seconded by Comm. Nicolls and carried unani-

472

mously. To be notified by registered, receipt return mail."

The Circuit Court of Winnebago County granted defendants' motion for a summary judgment and entered final judgment in their favor. Plaintiff appealed. Defendants contend that the resolution was an absolutely privileged communication.

■ ■ Privileged communications are of two kinds: (1) those absolutely privileged; and (2) those only conditionally privileged. Communications absolutely privileged are those so much to the public interest that the informer should speak out his mind fully and fearlessly so that all actions in respect of words thus spoken are absolutely forbidden, even though it be alleged that the words were spoken falsely, knowingly and with express malice. Krumin v. Bruknes, 255 Ill App 503, 507; 33 ILP Libel and Slander Par 51.

■ ■ In Donner v. Francis, 255 Ill App 409, 412, the Court said:

"The question whether or not words and writings are privileged is a question for the court and not for a jury. Young v. Lindstrom, 115 Ill App 239. All communications, either verbal or written, passing between public officials pertaining to their duties and in the conduct of public business are of necessity absolutely privileged and such matters cannot be made the basis of recovery in a suit at law. Spalding v. Vilas, 161 US 483; McDavitt v. Boyer, 169 Ill 475, 48 NE 317; Young v. Lindstrom, 115 Ill App 239; Haskell v. Perkins, 165 Ill App 144."

■ ■ The class of occasions where publication of defamatory matter is absolutely privileged is narrow and practically limited to legislative and judicial pro-

473

ceedings and other acts of State, including communications made in the discharge of a duty under express authority of law. Cook v. East Shore Newspapers, Inc., 327 Ill App 559, 577, 64 NE2d 751. Nevertheless, the rule that publication of defamatory matter in the due course of legislative proceedings is absolutely privileged is broad and comprehensive and includes all such proceedings, whether federal, state or municipal. 53 CJS 183, Libel and Slander Par 105.

In Iddings v. Houser, 237 Ill App 236, the plaintiff was the mayor and the defendant a member of the city council of the city of Atlanta, Illinois. Plaintiff alleged that he was libeled by defendant when he presented to the council certain charges concerning plaintiff's malfeasance in the office of mayor. Defendant filed a special plea that an ordinance required that whenever it came to the knowledge of a councilman that any city officer was incompetent or guilty of malfeasance in office, the councilman should forthwith present charges in writing against the officer to the city council. The trial court sustained a demurrer to the special pleas. A trial by jury resulted in a verdict for plaintiff on which the court entered judgment for $2 against defendant, and he appealed. After quoting from Haskell v. Perkins, 165 Ill App 144, 150, that "It is well settled that all communications either verbal or written passing between public officials pertaining to their duties, and in the conduct of public business, are of necessity absolutely privileged," the Court reversed the judgment and remanded the cause with directions to overrule the demurrer.

A municipality which has the commission form of municipal government is governed by a council, consisting of the mayor and four commissioners. In their discretion the council may elect a city clerk, and the statute provides that the clerk may be removed from office at any time by a vote of a majority of the

council members. Sections 19–40, 19–43, 19–48 Revised Cities and Villages Act.

■ Consideration of the above-cited cases and statutory provisions leads us to the opinion that the resolution in question was a communication pertaining to the duties of the members of the council of the city of South Beloit in the proper conduct of their official business, that the matters contained in the resolution were absolutely privileged, and therefore that the trial court properly entered summary judgment in favor of defendants. Accordingly the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

DOVE, P. J. and SMITH, J., concur.