FRANK LONIELLO, Plaintiff-Appellant, v. JOHN W. FITZGERALD, Defendant-Appellee.

First District (1st Division)   No. 62878

Opinion filed October 4, 1976.

Joseph J. Kozlowski and John A. Smith, both of Chicago (Kozlowski & Smith, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Jean Hamm, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In his complaint against John W. Fitzgerald (defendant), Frank Loniello (plaintiff) alleged that defendant publicly, maliciously and wrongfully called plaintiff a "thief", "cheat" and "liar" and that defendant stated that plaintiff had "swindled the city of Burbank out of $2000." Plaintiff alleged that those false and defamatory words injured his reputation and he asked damages of $200,000. The second count of the complaint prayed for an additional $200,000 in damages due to injury caused plaintiff in his business reputation and loss of business as a result of

defendant's statements. The trial court granted summary judgment in favor of defendant. Plaintiff appeals.

The record shows that the allegedly defamatory statements were spoken by defendant, then mayor of Burbank, at a meeting of the Burbank City Council. The subject under discussion at the meeting was a proposed zoning variation for a building owned by plaintiff in Burbank. Defendant made the remarks during the discussion and debate on that subject matter. Though plaintiff and defendant do not agree as to the exact words spoken by defendant, defendant testified in his discovery deposition that he had said plaintiff had lied and had cheated the city. Therefore, in our opinion, there are no factual issues between these parties and the outcome of this appeal depends entirely upon resolution of legal issues.

Plaintiff contends that mayors or city council members are not cloaked with absolute privilege during city council deliberations so that they may not publish false and defamatory matter concerning a private citizen, and that such remarks are at best only conditionally privileged. Defendant asserts that the statements by a mayor in the circumstances of this case are absolutely privileged and that even if the statements were conditionally privileged, the summary judgment should be affirmed.

We hold that defendant's statements were absolutely privileged under the circumstances shown by this record. Counsel for both sides have demonstrated commendable diligence in presenting us with a large number of authorities in their briefs. However, in our opinion, *Blair v. Walker* (1976), 64 Ill. 2d 1, 349 N.E.2d 385, is governing and is dispositive of the issue of absolute privilege.

In *Blair*, two real estate brokers, who are also attorneys, brought action against the Governor of Illinois for defamation. The Governor had released statements to the press criticizing plaintiffs for purchasing a home at a tax sale. The statement characterized plaintiffs as "unscrupulous", "lawbreakers" and as having violated "standards of 'unworthiness'." The court held that "the Governor is protected from actions for civil defamation by an absolute privilege when issuing statements which are legitimately related to matters committed to his responsibility." 64 Ill. 2d 1, 10.

The single aspect of the case before us which is not directly disposed of by the result thus reached in *Blair* is whether this holding is applicable to the chief executive officer of a municipality. It would seem logical that, like the Governor, a mayor "should be able to carry out his daily responsibilities free from concern that his actions will result in civil damage suits." *Blair*, 64 Ill. 2d 1, 7.

In *Larson v. Doner* (1961), 32 Ill. App. 2d 471, 178 N.E.2d 399, this court affirmed summary judgment in favor of defendants who were the mayor

and commissioners of a city. They had been sued for allegedly libelous statements concerning the work of the city clerk. The court found that these statements were part of a resolution which was "a communication pertaining to the duties of the members of the council of the city of South Beloit in the proper conduct of their official business, * * *" and that "the matters contained in the resolution were absolutely privileged, * * *." (32 Ill. App. 2d 471, 475.) Plaintiff here has cited *Larson* and concedes that the communication there "was absolutely privileged under the particular circumstances" of that case. *Larson* was cited by the Supreme Court in *Blair* in connection with the observation that "the doctrine of absolute privilege has been applied to various executive officers by other courts of this State." (64 Ill. 2d 1, 6.) Upon the authority of *Blair* and *Larson*, we conclude that the absolute privilege of the Governor of Illinois regarding communications made within the scope of official duties when issuing the statements in question is extended to and includes the mayors of Illinois municipalities.

In view of the above result reached, we need not consider the alternative issue of conditional privilege.

Judgment affirmed.

BURKE and O'CONNOR, JJ., concur.