JOSEPH JOSEPH *et al.*, Plaintiffs-Appellants, v. RICHARD L. COLLIS III *et al.*, Defendants-Appellees.

Second District   Nos. 2—94—0213, 2—94—0327 cons.

Opinion filed April 26, 1995.—Rehearing denied June 9, 1995.

202

George C. Pontikes and Darlene A. Blaszczak, both of George C. Pontikes & Associates, of Chicago, for appellants.

Louis A. Varchetto and Stephen A. Rehfeldt, both of Wylie, Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellee Colleen T. Horek.

John J. Henely, of John J. Henely, Ltd., of Chicago, for appellee Alice Doyle.

Kenneth T. Kubiesa and Barbara J. Gosselar, both of Kubiesa & Power, Ltd., of Oakbrook Terrace, for appellees Carol Josefowicz, Donald F. Olson, and Janice A. Vanek.

James G. Bauer, of Bauer & Hotte, P.C., of Elmhurst, for appellee James C. Zakos.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiffs, Joseph Joseph, Guy Spinelli, and Mark Entwistle, appeal from: (1) the trial court's order dismissing the plaintiffs' amended complaint for libel against defendants Janice Vanek, Donald Olson, Colleen Horek, and Carol Josefowicz; and (2) the trial court's order dismissing the plaintiffs' second amended complaint for libel against defendant James Zakos. These appeals, designated as case No. 2—94—0327 and case No. 2—94—0213, respectively, have been consolidated. We affirm both orders of the trial court.

The record reveals the relevant facts to be as follows. In an attempt to get a referendum question on the ballot for the November 3, 1992, general election in the City of Elmhurst (City), the plaintiffs caused petitions to be circulated for signature by registered voters. The proposed question, if approved by voters, would have reduced the number of aldermen representing each ward in the City from two to one. The plaintiffs caused the question to be filed with the City on or about August 17, 1992. At that time, Spinelli and Entwistle were aldermen of the City.

Upon receipt of the question, an eight-member committee was formed for the purpose of attacking the question. The committee was

a voluntary association; it was not associated with any official function of the City. The membership of the committee included Richard Collis, Lawrence Schoenbeck, James Hershoff, Alice Doyle, Vanek, Olson, Horek, and Josefowicz. Schoenbeck, Vanek, and Josefowicz also were aldermen of the City.

On August 24, 1992, members of the committee filed formal objections to the question with the City clerk, claiming that the petitions filed in support thereof were defective. Among the defects alleged were that a number of the voter signatures on the petitions submitted by the plaintiffs in favor of the question were invalid and that the plaintiffs had declared under oath that they had personally obtained the signatures of voters on the petitions when they, in fact, had not. The Elmhurst electoral board held hearings concerning the petitions, during which the proponents of the petitions stipulated that there were technical defects in the petitions and that the number of valid signatures on the petitions were insufficient for the question to be placed on the ballot.

The plaintiffs filed a five-count amended complaint seeking recovery for libel. The amended complaint alleges that on or about August 24, 1992: (1) Collis published a certain press release concerning the plaintiffs' activities as circulators of the petitions; (2) Collis and Hershoff had a conversation with a Chicago Tribune reporter, during which Collis told the reporter that Spinelli and Entwistle had committed fraud and perjury in connection with the petitions submitted with regard to the question, and during which Hershoff told the reporter that Spinelli and Entwistle had committed a Class 3 felony; and (3) Schoenbeck, at a public meeting in the City Hall, told Spinelli and Entwistle that they were guilty of fraud in connection with the petitions submitted with regard to the question. The statements made by Collis, Hershoff, and Schoenbeck were printed and published in editions of the Elmhurst Press on August 26, 1992, and August 28, 1992, and in editions of the Chicago Tribune on or about August 27, 1992.

The plaintiffs did not allege that Vanek, Olson, Horek, or Josefowicz personally made any defamatory statements. Rather, in their amended complaint, the plaintiffs alleged that the August 24, 1992, press release was published by Collis "individually and on behalf of" the other committee members and that the August 24, 1992, defamatory statements of Collis, Hershoff, and Schoenbeck were made by them "individually and on behalf of" the other committee members. The amended complaint also contained allegations that the August 24, 1992, statements of Collis, Hershoff, and Schoenbeck were false and published with knowledge of falsity or with reckless disregard as

to the truth or falsity of the statements. Thus, the plaintiffs sought recovery against all eight committee members; by Joseph in counts I and II, by Spinelli in count III, and by Entwistle in count IV.

Also alleged in the amended complaint was that on or about August 24, 1992, Zakos, a realtor/developer with a business located in Elmhurst, attended a finance committee meeting of the City council. At the meeting, Zakos stated that Spinelli had disclosed confidential financial information submitted by Zakos and his partners to City officials in violation of Spinelli's duties as an alderman. This statement was published in newspaper articles. In their amended complaint, the plaintiffs further alleged that the August 24, 1992, statement made by Zakos was false and published with knowledge of falsity or with reckless disregard as to the truth or falsity of the statements. Thus, Spinelli sought recovery against Zakos in count V.

All eight committee members and Zakos filed motions to dismiss. This appeal only concerns the motions filed by Vanek, Olson, Horek, Josefowicz, and Zakos. Horek filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1992)), premised on the factual and legal insufficiency of the amended complaint. In her motion, Horek pointed to the absence of factual allegations that Horek made or authorized the alleged defamatory statements, and the absence of a legal basis for recovery against her for the statements of other committee members simply by virtue of her membership on the committee.

Defendants Vanek and Josefowicz jointly filed a motion to dismiss pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1992)) and a memorandum in support thereof. Attached to the memorandum were their own affidavits, which stated that neither of them ever made any statement or published any documents concerning the plaintiffs, and that neither of them ever authorized Collis, Hershoff, or Schoenbeck to make any statement on their behalf. No counteraffidavits were filed by the plaintiffs. Their motion, while titled as pursuant to section 2—619, was, in fact, a joint motion pursuant to sections 2—615 and 2—619 as the motion and memorandum contained assertions similar to Horek's motion both as to the factual and legal insufficiencies of the amended complaint.

Defendants Olson and Zakos also filed motions to dismiss pursuant to sections 2—615 and 2—619 of the Code (735 ILCS 5/2—615, 2—619 (West 1992)). Olson similarly pointed to the factual and legal insufficiencies of the amended complaint and as affirmative matter alleged that the statements were privileged. Zakos likewise pointed to the factual insufficiency of the second amended complaint and

raised as affirmative matter that the City council is a legislative branch of the City, that his statement was made during a meeting of the council's finance committee, a legislative proceeding, and was therefore privileged.

A hearing on the various motions to dismiss was held on October 28, 1993. At the hearing, the plaintiffs attempted to submit a photograph which depicted the committee members, excluding Olson, sitting by Collis at a press conference while Collis made the alleged defamatory statements; however, the trial court refused to consider the photograph. The trial court entered an order granting the motions of Vanek, Olson, Horek, and Josefowicz and dismissing the action with prejudice as against them, having determined that the statements of the other committee members, Collis, Schoenbeck, and Hershoff, could not be attributed to them or each other. The trial court denied the plaintiffs' subsequent motion to reconsider the order dismissing these parties. The plaintiffs filed a timely appeal from the order dismissing the action against Vanek, Olson, Horek, and Josefowicz.

The October 28, 1993, order additionally provided that the court was taking Zakos' motion to dismiss under advisement and called for the submission of supplemental memoranda by the parties after which time the court would rule by mail. The memoranda were to address the issues of whether Zakos made the alleged defamatory statement, whether the statement was libelous, and, if so, whether the statement was privileged.

Thereafter, the plaintiffs filed a second amended complaint naming as defendants only Collis, Schoenbeck, Hershoff, and Zakos. Zakos again filed a section 2—615 and a section 2—619 motion to dismiss. The trial court later issued its opinion concerning Zakos' motion by mail. The court found, as a matter of law, that the statements attributed to Zakos, even if made directly by Zakos, were not actionable. The court found Spinelli to be a public figure and that his actions and comments were open to comment and criticism. Even if the statements were made with malice and a reckless disregard for the truth, the court found them not libelous. Accordingly, the court caused an order to be entered on December 23, 1993, dismissing the action against Zakos with prejudice. The plaintiffs filed a timely notice of appeal as to this order.

On appeal, the plaintiffs contend: (1) that the trial court improperly dismissed their amended complaint against defendants Vanek, Olson, Horek, and Josefowicz; and (2) that the trial court improperly dismissed their second amended complaint against defendant Zakos. We note that the orders from which the plaintiffs appeal

do not specify whether dismissal of the complaints was pursuant to section 2—615 or section 2—619 of the Code. Despite this lack of clarity, a reviewing court may affirm a correct decision for any reason appearing in the record regardless of the basis relied upon by the trial court. *Geick v. Kay* (1992), 236 Ill. App. 3d 868, 873.

■ As a preliminary matter, it will be helpful to discuss the principles that apply to the subject motions to dismiss. When a complaint fails to state a cause of action or shows on its face that the plaintiff is not entitled to the relief sought, the complaint is subject to a motion to dismiss. (See *Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 475.) The legal theories for proceeding on a motion to dismiss under sections 2—615 and 2—619 differ. A section 2—615 motion attacks the legal sufficiency of the complaint by asserting that it fails to state a cause of action upon which relief can be granted. (*T&S Signs, Inc. v. Village of Wadsworth* (1994), 261 Ill. App. 3d 1080, 1083.) In considering a motion to dismiss under section 2—615, all well-pleaded facts are admitted and must be taken as true. (*Parrillo, Weiss & Moss v. Cashion* (1989), 181 Ill. App. 3d 920, 923.) Conclusions of law or conclusions of fact unsupported by allegations of specific fact are not admitted. (*Parrillo, Weiss & Moss*, 181 Ill. App. 3d at 923.) On review, the allegations of the complaint are to be interpreted in the light most favorable to the plaintiff. (*Parrillo, Weiss & Moss*, 181 Ill. App. 3d at 923.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the allegations which would entitle the party to relief. *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 473.

■ A section 2—619 motion to dismiss admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter which avoids or defeats the claim. (*T&S Signs, Inc.*, 261 Ill. App. 3d at 1083.) Like a motion brought under section 2—615, a motion to dismiss under section 2—619 admits all well-pleaded facts. (*Geick*, 236 Ill. App. 3d at 874.) The purpose of a section 2—619 motion is to provide a mechanism to dispose of issues of law or easily proved issues of fact, and the cause of action should not be dismissed on the pleadings unless it is clearly apparent that no set of facts can be proved which will entitled a plaintiff to recover. *Geick*, 236 Ill. App. 3d at 874.

A reviewing court is not required to defer to the trial court's judgment on a motion to dismiss and will review the matter *de novo*. *T&S Signs, Inc.*, 261 Ill. App. 3d at 1084.

We first examine the propriety of the trial court's dismissal of the amended complaint against defendants Vanek, Olson, Horek, and

Josefowicz. Whereas each of the motions to dismiss filed by Vanek, Olson, Horek, and Josefowicz does not allege affirmative matter, each of the motions does allege that the amended complaint failed to state a cause of action. Thus, we will assume that the trial court dismissed the amended complaint pursuant to section 2—615 of the Code.

■ Each of the section 2—615 motions to dismiss filed by Vanek, Olson, Horek, and Josefowicz asserted that the plaintiffs' amended complaint was factually insufficient to state a cause of action. We agree. Having reviewed the amended complaint, we find that the plaintiffs failed to allege with specificity facts which would enable them to withstand the motions to dismiss for failure to state a cause of action. In their amended complaint, the plaintiffs did not allege that Vanek, Olson, Horek, or Josefowicz personally made or authorized the alleged defamatory statements. Instead, the plaintiffs alleged that the specified defamatory statements of committee members Collis, Hershoff, and Schoenbeck were made individually "and on behalf of" the other committee members. The plaintiffs' allegation that the statements were made "on behalf of" the other committee members was conclusory, and conclusions of fact unsupported by allegations of specific fact are not admitted. (*Parrillo, Weiss & Moss*, 181 Ill. App. 3d at 923.) Accordingly, the amended complaint was properly dismissed. See *Madonna v. Giacobbe* (1989), 190 Ill. App. 3d 859, 865 (a complaint that fails to contain all required factual allegations must be dismissed for failure to state a cause of action); see generally *Trembois v. Standard Ry. Equipment Manufacturing Co.* (1949), 337 Ill. App. 35, 44 (a complaint for libel may properly be dismissed when it does not allege sufficient facts to constitute a cause of action).

Additionally, each of the section 2—615 motions to dismiss filed by Vanek, Olson, Horek, and Josefowicz asserted that the amended complaint was legally insufficient because there is no legal basis for recovery against them for the statements of other committee members simply by virtue of membership on the committee.

According to the amended complaint, the committee is a voluntary association. On appeal, the plaintiffs baldly assert that the liability of Vanek, Olson, Horek, and Josefowicz for the defamatory statements of their fellow committee members is predicated on membership on the committee. The plaintiffs seek to apply the principles of partnership and agency law, which hold a partner or principal liable for the tortious acts (*i.e.*, defamation) committed by another partner or an agent, as a basis for attributing liability to Vanek, Olson, Horek, and Josefowicz for the statements made by other committee members. The plaintiffs have not cited any cases, however, in which partnership or agency liability has been found to

be applicable to the members of a voluntary unincorporated association.

■ The narrow issue of whether a member of a voluntary unincorporated association may be held vicariously liable for the defamatory statement(s) of another member of the association by virtue of mere membership in the association is one of first impression in Illinois. We find the answer to this issue to turn on whether or not the voluntary unincorporated association is organized for profit. The court in *Hossack v. Ottawa Development Association* (1910), 244 Ill. 274, 291, stated that if a voluntary unincorporated association is organized for pecuniary profit, the rights and liabilities of its members to third parties would be determined according to partnership law. Here, since it is not alleged that the committee was organized for profit, we find partnership law to be inapplicable in determining the liabilities of its members.

■ On appeal, Vanek, Olson, Horek, and Josefowicz further contend that in the case of a nonprofit, voluntary unincorporated association, the liabilities of the members are determined by application of agency law. In support of this assertion, they have cited several cases from other jurisdictions, including *Victory Committee v. Genesis Convention Center* (Ind. Ct. App. 1992), 597 N.E.2d 361, 363-64; *Lyons v. American Legion Post No. 650 Realty Co.* (1961), 172 Ohio St. 331, 336, 175 N.E.2d 733, 737; *Security-First National Bank v. Cooper* (1943), 62 Cal. App. 2d 653, 666-67, 145 P.2d 722, 729-30; and *Stone v. Guth* (1937), 232 Mo. App. 217, 223, 102 S.W.2d 738, 741. These cases stand for the proposition that a member of a nonprofit voluntary unincorporated association is not liable for the torts of a fellow member in the absence of: (1) authorization or ratification of the tortious conduct (*Victory Committee*, 597 N.E.2d at 364; *Security-First National Bank*, 62 Cal. App. 2d at 667, 145 P.2d at 730); or (2) active participation in the tortious conduct (*Lyons*, 172 Ohio St. at 336, 175 N.E.2d at 737; *Stone*, 232 Mo. App. at 224-25, 102 S.W.2d at 742). We find this proposition to be rational and just. Accordingly, we apply these principles of agency law to the case at hand.

Here, there are no allegations in the amended complaint that Vanek, Olson, Horek, or Josefowicz directly authorized Collis, Hershoff, or Schoenbeck to make the alleged defamatory statements on their behalf. There are no allegations that the statements were authorized or ratified by Vanek, Olson, Horek, or Josefowicz.

We note that in an attempt to attribute the statements of committee member Collis to the other members of the committee, the plaintiffs rely on a photograph which depicted the committee members, excluding Olson, sitting by Collis at a press conference

while Collis made alleged defamatory statements. The plaintiffs suggest that the photograph is evidence of implied authorization by the other committee members for Collis to speak on their behalf. The photograph appears in the record on appeal as an exhibit to the plaintiffs' motion to reconsider the trial court's October 28, 1993, order; such motion was later denied. As a preliminary matter, we note that by not raising the issue of whether the trial court properly refused to consider the photograph in their brief, the plaintiffs have waived this issue on appeal. (145 Ill. 2d R. 341(e)(7).) Even if we were to consider the photograph, a photograph is no more than a snapshot in time that gives no indication of what happened immediately prior or subsequent thereto. The fact that other committee members are depicted next to Collis when he made the statements does not make the statement attributable to them. The photograph was insufficient to show that the statements were made "on behalf of" all eight committee members, and the court properly disregarded the photograph.

Since we do not find Collis, Hershoff, or Schoenbeck to have been agents of Vanek, Olson, Horek, or Josefowicz, we find the amended complaint to be legally insufficient to state a claim against Vanek, Olson, Horek, or Josefowicz. As a matter of law, neither Vanek, Olson, Horek, nor Josefowicz can be held liable for the alleged defamatory statements made by other committee members without their direct participation, authorization, or subsequent ratification. The trial court properly refused to attribute the statements of Collis, Hershoff, and Schoenbeck to the other committee members and properly dismissed the action against Vanek, Olson, Horek, and Josefowicz.

Because we have determined that the order of the trial court dismissing the plaintiffs' action against Vanek, Olson, Horek, and Josefowicz was proper, we need not address the additional argument of Vanek, Olson, Horek, and, Josefowicz, however persuasive, that Joseph's appeal must be dismissed under the law of the case doctrine.

We next examine the propriety of the trial court's dismissal of the second amended complaint, in which Spinelli sought recovery against defendant Zakos for an alleged defamatory statement made by Zakos concerning Spinelli. Since the court considered affirmative matter in granting Zakos' motion to dismiss, we must assume that the trial court dismissed the amended complaint against him pursuant to section 2—619 of the Code.

In Illinois, all distinctions between libel and slander for the most part have been abolished, and the rules which apply to slander likewise apply to libel. (*Rosner v. Field Enterprises, Inc.* (1990), 205 Ill. App. 3d 769, 789.) Defamatory statements are classified as either libel *per se* or *per quod*. (*Rosner*, 205 Ill. App. 3d at 789.) Our courts

have determined that there are four categories of words which constitute libel *per se*: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a communicable disease of any kind which, if true, would tend to exclude one from society; (3) those imputing inability to perform or want of integrity in the discharge of duties of office or employment; and (4) those prejudicing a party in his profession or trade. (*Rosner*, 205 Ill. App. 3d at 790.) Once it is determined that written or printed words are libelous *per se*, a plaintiff has the right to a cause of action for defamation without proof of malice and without a showing of special damages, as both malice and damages are presumed. *Rosner*, 205 Ill. App. 3d at 790.

■ With these principles in mind, we turn to the allegations of the second amended complaint. The second amended complaint alleges that on or about August 24, 1992, Zakos, a realtor/developer with a business located in Elmhurst, attended a finance committee meeting of the City council. At the meeting, Zakos stated that Spinelli had disclosed confidential financial information submitted by Zakos and his partners to City officials in violation of Spinelli's duties as an alderman. In its letter opinion, the trial court did not find Zakos' statement to be libelous, citing that the "statement could not reasonably be understood as an accusation of criminal conduct." We cannot agree with the trial court's finding, as we find the court did not apply the statement to the proper category of words constituting libel *per se*. We find Zakos' statement to have been libelous *per se*, as it imputed to Spinelli an inability to perform or want of integrity in the discharge of duties of his office as an alderman.

We must now determine whether the statement was actionable. Whether a defamatory statement, otherwise actionable, is protected by an absolute, qualified, or conditional privilege is a question of law for the court. (See *Layne v. Builders Plumbing Supply Co.* (1991), 210 Ill. App. 3d 966, 969.) The issue of privilege is an affirmative defense, and it may be raised by and determined upon a motion to dismiss under section 2—619 of the Code. (See *O'Donnell v. Field Enterprises, Inc.* (1986), 145 Ill. App. 3d 1032, 1041.) Here, in Zakos' motion to dismiss pursuant to sections 2—615 and 2—619 of the Code, Zakos raised the issue of privilege as an affirmative defense. Zakos alleged that the City council is a legislative branch of the City and that his statement was made during a meeting of the council's finance committee, a legislative proceeding.

Generally, the class of occasions where a defamatory statement is absolutely privileged is narrow. (*Layne*, 210 Ill. App. 3d at 969.) The classification of absolutely privileged communications is narrow and is almost exclusively limited to legislative and judicial proceedings.

(*Rosner*, 205 Ill. App. 3d at 790.) Absolute privilege includes all such proceedings, whether Federal, State, or municipal. *Larson v. Doner* (1961), 32 Ill. App. 2d 471, 474.

Absolute privilege has been applied to bar actions against public officials for their alleged defamatory statements made during legislative proceedings. (See *Loniello v. Fitzgerald* (1976), 42 Ill. App. 3d 900 (statements by mayor at city council meeting absolutely privileged).) The rationale for such protection is to enable the public official to carry out his or her daily responsibilities free from concern that such actions will result in civil damage suits. (See *Loniello*, 42 Ill. App. 3d at 901.) While absolute privilege has not been applied as frequently to bar actions against private citizens for their alleged defamatory statements made during legislative or judicial proceedings, this court has previously held that such privilege can extend to parties other than officials. (See *Layne*, 210 Ill. App. 3d 966 (holding that the trial court properly dismissed a defamation claim against an employer having found statements made by the employer concerning plaintiff's alleged criminal conduct to be absolutely privileged).) As with public officials, we believe private citizens are deserving of protection for their statements made at legislative or judicial proceedings. Here, Zakos' statement was made during a finance committee meeting of the City council, a legislative proceeding. We find therefore that such statement was absolutely privileged.

The trial court found, as a matter of law, that the statements attributed to Zakos, even if made directly by Zakos, were not actionable. Although we do not agree with the rationale explained by the trial court, we agree with the result and find the dismissal of the second amended complaint against Zakos to be proper. Accordingly, we need not address the issue of whether the second amended complaint sufficiently alleged malice on the part of Zakos so as to enable Spinelli, a public figure, to collect damages for defamation as required by *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 279, 11 L. Ed. 2d 686, 706, 84 S. Ct. 710, 726.

For the foregoing reasons, we affirm the orders of the circuit court of Du Page County dismissing the amended complaint against defendants Vanek, Olson, Horek, and Josefowicz, and dismissing the second amended complaint against defendant Zakos.

Affirmed.

INGLIS and RATHJE, JJ., concur.