FOURTH DIVISION

July 24, 2003

No. 1-02-1212

PATRICIA KRUEGER, ) Appeal from

) the Circuit Court

Plaintiff-Appellant, )   of Cook County.

) 

v. ) No. 01 L 671

)

MARY ANN LEWIS, ) Honorable

) Kathy M. Flanagan,

Defendant-Appellee. ) Judge Presiding.

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Patricia Krueger, appeals from an order of the circuit court granting defendant's, Mary Ann Lewis's, motion to dismiss plaintiff's complaint under section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2000)).  Plaintiff argues the trial court erred in dismissing the complaint in that it adequately stated a cause of action for slander 
per se
 and the defendant's communications were not absolutely privileged.  For the following reasons, we reverse.  

The complaint alleges the following facts.  Plaintiff held the position of Village trustee of the Village of Lyons since April 20, 1999.  On Tuesday, June 19, 2001, plaintiff served at a televised meeting of the Village of Lyons board of trustees which contained an "audience crowded with Lyons citizens and voters."  Plaintiff alleges that defendant, "maliciously intending to injure plaintiff in her good name and reputation," charged that plaintiff "in her capacity as a Village Trustee, had accepted a bribe to establish a [tax increment financing] district in the Village of Lyons, and that [p]laintiff was pocketing money from developers in exchange for [p]laintiff's cooperation."  Plaintiff requested that defendant repeat her statement and defendant did so.  Defendant made the statement "upon information and belief, in full knowledge that [it was] untrue or in reckless disregard of [its] truth or falsity, and for the purpose of injuring plaintiff in her good name and business."  Plaintiff further alleges that "[a]t the time of the publication of her statement, the defendant made no reasonable effort to inquire as to the truthfulness of her claim that [p]laintiff accepted bribes."  Plaintiff claims these statements have caused injury to her reputation and seeks $50,000 in compensatory damages and $250,000 in punitive damages.  

Defendant filed a section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2000)),  arguing, 
inter alia
, that her statements were absolutely privileged.  The trial court granted the motion to dismiss, finding 
the statements were absolutely privileged because they were made at a legislative proceeding.  Plaintiff appeals.

We first address defendant's argument that the trial court properly granted the motion to dismiss under section 2-615 because plaintiff has not pleaded the actual words used by defendant as indicated by the lack of quotation marks around the slanderous statements.  

When conducting our 
de novo
 review of a motion to dismiss under section 2-615, we accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party.  
Casualty Insurance Co. v. Hill Mechanical Group
, 323 Ill. App. 3d 1028, 1032, 753 N.E.2d 370, 374 (2001).  A complaint is susceptible to dismissal under section 2-615 for failure to state a cause of action only when it clearly appears that no set of facts could be proved under the pleadings that would entitle plaintiff to relief.  
Casualty Insurance Co.
, 323 Ill. App. 3d at 1033, 753 N.E.2d at 374.  A pleader is not required to set out his evidence.  
Casualty Insurance Co.
, 323 Ill. App. 3d at 1034, 753 N.E.2d at 374.  Only the ultimate facts to be proved need be alleged, not the evidentiary facts tending to prove such ultimate facts.  
Casualty Insurance Co.
, 323 Ill. App. 3d at 1034, 753 N.E.2d at 374. 

A complaint for defamation must set forth the words alleged to be defamatory "clearly and with particularity."  
Lykowski v. Bergman
, 299 Ill. App. 3d 157, 163, 700 N.E.2d 1064, 1069 (1998).  This rule allows the defendants to properly formulate their answer and affirmative defenses (
Lykowski
, 299 Ill. App. 3d at 163, 700 N.E.2d at 1069), and to provide the court with the ability to meaningfully review the statements (
Mittleman v. Witous
, 135 Ill. 2d 220, 230, 552 N.E.2d 973, 978 (1989)
 
 (abrogated on other grounds by 
Kuwik v. Starmark Star Marketing & Administration, Inc.
, 156 Ill. 2d 16, 619 N.E.2d 129 (1993)).
 
  Although the alleged defamatory words are invariably quoted verbatim in the reported cases (3 R. Michael, Illinois Practice §24.7, at 379 (1989)), no Illinois case has ever held that the pleader must place the slanderous remarks within quotation marks.  Rather, courts measure the specificity of an allegation by determining   whether it states a conclusion or a fact.  See, 
e.g.
, 
Mittleman
, 135 Ill. 2d at 230, 552 N.E.2d at 978; 
Lykowski
, 299 Ill. App. 3d at 163, 700 N.E.2d at 1069.  This is particularly true where the reproduction of those statements may be more difficult, as in slander cases.  
Mittleman
, 135 Ill. 2d at 230, 552 N.E.2d at 978.  

Here, plaintiff has adequately alleged ultimate facts supporting a cause of action for slander 
per se
.  Statements that accuse a public official of accepting a bribe are sufficient, and it is not necessary that the statement charge the criminal offense of bribery or official misconduct with the precision of an indictment.  
Catalano v. Pechous
, 83 Ill. 2d 146, 157, 419 N.E.2d 350, 355-56 (1980) (holding that defendant's statement that "two hundred forty pieces of silver changed hands–thirty for each alderman" constituted defamation).  Plaintiff alleges that on June 19, 2001, she was serving as a trustee in a crowded, televised board meeting.  Defendant stated that plaintiff had taken a bribe from developers in return for establishing a tax increment financing district and that plaintiff was pocketing money from developers in exchange for plaintiff's cooperation.  We can conduct a meaningful review, as the complaint adequately alleges words that directly impute the commission of the criminal offense of bribery and therefore constitute slander 
per se
.  Furthermore, these statements are specific enough that defendant has asserted the affirmative defense of absolute privilege.  

We thus reject defendant's argument that the lack of quotation marks around the alleged defamatory comments demonstrates plaintiff has not pleaded the actual words.  This argument violates the principle that we must take all well-pleaded facts as true and draw all reasonable inferences in the favor of plaintiff.
  There is nothing to indicate in the complaint, which we take as true, that these were not the specific words actually used.  
Mittleman
, 135 Ill. 2d at 230, 552 N.E.2d at 978.  Therefore, defendant has not demonstrated that it
 clearly appears that no set of facts could be proved under the pleadings that would entitle plaintiff to relief.  
Casualty Insurance Co.
, 323 Ill. App. 3d at 1032-33, 753 N.E.2d at 374.

Defendant further argues that a videotape of the allegations exists, and therefore the statements could have easily been reproduced by the plaintiff.  She also indicates that the videotape would demonstrate that plaintiff did not properly allege the statements made.  Defendant's argument is misplaced because of her choice to pursue dismissal of the complaint under section 2-615 (735 ILCS 5/2-615 (West 2000)), where we look at only the four corners of the complaint, rather than under section 2-619 (735 ILCS 5/2-619 (West 2000)), where evidentiary material may be submitted.  The complaint does not state the comments were videotaped, nor does it relate any other form of the statement.  Defendant provides no authority to allow judicial notice that a televised Village of Lyons board meeting was videotaped.  More importantly, defendant has not furnished an affidavit or the videotape accompanying a section 2-619 motion, allowing us to review her assertions.  See, 
e.g.
, 
Berkos v. National Broadcasting Co.
, 161 Ill. App. 3d 476, 515 N.E.2d 668 (1987) (defendants presented to court a videotape and transcript of pertinent portion of television broadcast).   

We turn now to defendant's argument that the statement was "absolutely privileged" because it was made at a legislative proceeding and therefore protected by the first amendment.  We first note that defendant miscontrues the nature of the privilege that she asserts.  The pleading implications of the "constitutional privilege" derived from 
New York Times Co. v. Sullivan
, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710 (1964), and its progeny are separate and distinct from the "absolute privilege" as found in 
Joseph v. Collis
, 272 Ill. App. 3d 200, 649 N.E.2d 964 (1995), which protects a private citizen's statements made at legislative proceedings.      

Under the constitutional privilege, a public official plaintiff must plead and prove actual malice, meaning that the utterance was false and that it was made with knowledge of its falsity or in reckless disregard of whether it was false or true.  
New York Times Co.
, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710. 
 The public official-public figure rule is often, misleadingly perhaps, referred to as a privilege, but the impact of the rule has been analyzed in terms of the intent element of the tort.  Restatement (Second) of Torts §580A, comment 
e
, at 19 (1977); 3 R. Michael, Illinois Practice §24.7, at 380 (1989).   On appeal, defendant does not challenge plaintiff's allegations that the statement was false and that it was made with the knowledge of its falsity or in reckless disregard of whether it was false or true.   Rather, defendant asserts that the alleged statements were absolutely privileged.  

Even were we to address the constitutional privilege, we find that plaintiff has plead sufficient facts under the liberal pleading standards to
 allege actual malice.  While the bare assertion of actual malice is not enough to state a cause of action (
Coursey v. Greater Niles Township Publishing Corp.
, 40 Ill. 2d 257, 266, 239 N.E.2d 837, 841-42 (1968)), allegations that the statements made were false, were made with knowledge of their falsity, or were made in reckless disregard as to their truth or falsity have been held by our supreme court to be sufficient to withstand a motion to dismiss (
Colson v. Stieg
, 89 Ill. 2d 205, 215-16, 433 N.E.2d 246, 250-51 (1982) (actual malice sufficiently alleged where complaint stated that statement was made by defendant "knowing it to be false" and was made maliciously, intentionally, and wilfully); see also 
Weber v. Woods
, 31 Ill. App. 3d 122, 127, 334 N.E.2d 857, 860 (1975) (actual malice sufficiently alleged where complaint stated that defendant, knowing the facts, maliciously intended to injure plaintiff and bring him into public scandal, disrepute and disgrace, by falsely and maliciously publishing statements concerning plaintiff that were false, scandalous, malicious and defamatory)).  Here, plaintiff alleges that "[t]he statements were made" by defendant to plaintiff, "upon information and belief, in full knowledge that they were untrue or in reckless disregard of their truth or falsity."  Accordingly, while not a model complaint, we find that the elements necessary under 
New York Times
 have been sufficiently alleged.         

We next address defendant's arguments regarding the absolute privilege.  In a defamation action, the issue of privilege is an affirmative defense that may be raised and determined in a section 2-619 motion.  
Edelman, Combs & Latturner v. Hinshaw and Culbertson
, 338 Ill. App. 3d 156, 164, 788 N.E.2d 740, 748 (2003) .  Defendant has failed to bring her affirmative defense of absolute privilege pursuant to a motion to dismiss under section 2-619. 735 ILCS 5/2-619 (West 2000).  However, we find that plaintiff has not been prejudiced by defendant's failure to properly label her motion as the face of plaintiff's complaint does not reveal the existence of the privilege.

The defense of privilege rests upon the idea "that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation."  W. Keeton, Prosser & Keeton on Torts, §114, at 815 (5th ed. 1984).  If the policy interest is of "paramount importance, considerations of policy may require that the defendant's immunity for false statements be absolute, without regard to his purpose or motive, or the reasonableness of his conduct."  W. Keeton, Prosser & Keeton on Torts, § 114, at 816 (5th ed. 1984); 
Edelman
, 338  Ill. App. 3d at 164, 788 N.E.2d at 748.  
In light of the complete immunity provided by an absolute privilege, the classification of absolutely privileged communication is necessarily narrow.  
Edelman
,  338 Ill. App. 3d at 165, 788 N.E.2d at 748.

Defendant principally relies on the absolute privilege as set forth in 
Joseph v. Collis
, 272 Ill. App. 3d 200, 649 N.E.2d 964 (1995).  In its opinion, the Second District of this court provided only the following background about the defamatory statement: "Zakos, a realtor/developer with a business located in Elmhurst, attended a finance committee meeting of the City council.  At the meeting, Zakos stated that Spinelli had disclosed confidential financial information submitted by Zakos and his partners to City officials in violation of Spinelli's duties as an alderman."  
Joseph
, 272 Ill. App. 3d at 204, 649 N.E.2d at 967.  Defendant Zakos argued that his statement was privileged, but it is not apparent whether he sought protection of an absolute or qualified privilege. 
 

The court noted that absolute privilege bars defamation actions for statements made by public officials during legislative proceedings, citing 
Larson v. Donner
, 32 Ill. App. 2d 471, 178 N.E.2d 399 (1961), and 
Loniello v. Fitzgerald
, 42 Ill. App. 3d 900, 356 N.E.2d 842 (1976).  In 
Larson
 and 
Loniello
, the courts found that the absolute privilege applied to defamatory statements made by public officials at legislative meetings because those officials were testifying within the scope of their official legal duties.  
Larson
, 32 Ill. App. 2d at 475, 178 N.E.2d at 401, 
Loniello
, 42 Ill. App. 3d at 902, 178 N.E.2d at 844; see also 
Catalano
, 83 Ill. 2d at 156, 419 N.E.2d at 355 (statements made by city clerk at legislative proceeding were not protected by executive privilege because the statements were not made within scope of his official duties).  However, the court did not discuss whether Zakos was acting within the scope of any official duty.  It merely concluded, "[a]s with public officials, we believe private citizens are deserving of protection for their statements made at legislative or judicial proceedings.  Here, Zakos' statement was made during a finance committee meeting of the City Council, a legislative proceeding.  We find therefore that such statement was absolutely privileged."  
Joseph
, 272 Ill. App. 3d at 211, 649 N.E.2d at    

While the lack of factual discussion in this opinion makes it susceptible to an overly broad interpretation which may protect conduct of little social importance, the 
Joseph
 court's decision's legal underpinning, as found in 
Loniello
 and 
Larson
, indicates that statements made within legislative proceedings must be related to conduct of official duties.  We thus reject defendant's interpretation that the 
Joseph
 decision protects her defamatory statements.  To so hold would cloak with complete immunity from liability 
any
 person who is motivated by malice towards a public official and knows the statement to be false, so long as the statement was made in a room where a legislative meeting was in progress.   
This interpretation is not in accordance with the narrow application of the absolute privilege.  
We therefore turn to other sources for a rule that properly balances a plaintiff's right of redress with society's interest in protecting valuable communications made within the scope of official duties.  

We find that the absolute privilege as provided in section 590A of the Restatement (Second) of Torts adequately restricts potential factual scenarios to matters of paramount social importance worthy of privilege.  This section provides, "[a] witness is absolutely privileged to publish defamatory matter as part of a legislative proceeding in which he is testifying or in communications preliminary to the proceeding, if the matter has some relation to the proceeding."  Restatement (Second) of Torts § 590A (1977).  This privilege is similar in all respects to that of witnesses in judicial proceedings as set forth in section 588 of the Restatement (Second) of Torts (1977).   Restatement (Second) of Torts, § 590A (1977), comment 
a
.

Here, the application section 590A to the complaint does not reveal the existence of the absolute privilege.  The complaint does not state the nature of the "meeting," the business being conducted that day, or if defendant's comment had any relation to the meeting.  The complaint also does not delineate any facts to deem defendant a witness to the meeting.  We therefore find that the complaint does not reveal the existence of the absolute privilege.  

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for further proceedings.

Reversed and remanded.

GREIMAN, J., concurs.  

JUSTICE HARTMAN, dissenting:

Plaintiff, a Village of Lyons trustee, filed a complaint against defendant, a citizen and resident of Lyons, alleging slander 
per
 
se
.  The language of the complaint makes the conclusional assertion that defendant charged plaintiff with accepting "a bribe to establish a TIF district in the Village of Lyons, and that Plaintiff was pocketing money from developers in exchange for Plaintiff's cooperation."  The complaint language set forth above merely summarizes the charge plaintiff believed was made against her at a public, village board of trustees' meeting.  The actual, alleged defamatory language never has been pleaded, or otherwise set forth in the record, although a videotape of the occasion was available to plaintiff, but has not been made a part of the record.  Nor are any facts pleaded in the complaint concerning the business of the meeting, the discussions taking place, or the context within which the alleged statement was made.

In Illinois, a plaintiff claiming defamation 
per
 
se
 must plead with particularity that defendant made a false, unprivileged statement concerning plaintiff to a third party. 
 
Lykowski v. Bergman
, 299 Ill. App. 3d 157, 163, 700 N.E.2d 1064 (1998), citing 
Mittleman v. Witous
, 135 Ill. 2d 220, 552 N.E.2d 973 (1989) (
Mittleman
), 
abrogated on other grounds
 
Kuwik v. Starmark Star Marketing & Administration, Inc.
, 156 Ill. 2d 16, 619 N.E.2d 129 (1993); see also 
O'Donnell v. Field Enterprises, Inc.
, 145 Ill. App. 3d 1032, 1042, 491 N.E.2d 1212 (1986); 
Suhadolnik v. City of Springfield
, 184 Ill. App. 3d 155, 186, 540 N.E.2d 895 (1989)
.  The stringent standard of pleading in 
per
 
se
 defamation cases enables a court to determine, as a matter of law (
Chapski v. Copley Press
, 92 Ill. 2d 344, 352, 442 N.E.2d 195 (1982) (
Chapski
)), the character of the language used and whether the language can be deemed defamation 
per
 
se
 as a matter of law, from which damages can be presumed.  
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 88, 672 N.E.2d 1207 (1996) (
Bryson
).  

Another reason for requiring particularity in defamation 
per
 
se
 cases is the application of the innocent construction rule.  A statement claimed to be defamatory 
per
 
se
, as in the present case, is not actionable if it is capable of innocent construction.  The words must be considered in context and given their natural and obvious meaning.  Where the statement reasonably may be interpreted as innocent or as referring to another, it is not defamatory.  
Moriarty v. Green
e, 315 Ill. App. 3d 225, 231-32, 732 N.E.2d 730 (2000); 
Gardner v. Senior Living Systems, Inc.
, 314 Ill. App. 3d 114, 119, 731 N.E.2d 350 (2000).  It must be clear that the speaker is claiming possession of objectively verifiable facts of or concerning the plaintiff; if the speaker is expressing a subjective view, giving an interpretation, or stating a theory, conjecture or surmise, the statement is not actionable.  
Wilkow v. Forbes, Inc.
,
 241 F.3d 552, 555 (7th
 
Cir. 2000); see 
Gertz v. Robert Welch, Inc.
, 418 U.S. 323, 349, 41 L. Ed. 2d 789, 810-11, 94 S. Ct. 2997, 3011-12 (1974) (
Gertz
); 
Bryson
, 174 Ill. 2d at 100. 

Statements, as claimed by the instant plaintiff to be defamatory 
per
 
se
, require her to demonstrate the false imputation of a criminal offense, infection with a loathsome, communicable disease, malfeasance or misfeasance in the duties of her office or employment or disparagement as to her trade, profession or business.  
Van Horne v. Muller
, 185 Ill. 2d 299, 307, 705 N.E.2d 898 (1998), 
cert.
 
denied
, 
Van Horne v. Evergreen Media Corp.
, 528 U.S. 811, 145 L. Ed. 2d 39, 120 S. Ct. 43 (1999).  Here, the actual words used must be pleaded since the court is required to determine (1) whether the language applies to plaintiff or someone else; (2) whether the alleged statement constitutes fact or opinion; (3) its verifiability; (4) the context in which the statement was made; and (5) whether application of the innocent construction rule is necessary.  
Bryson
, 174 Ill. 2d at 93-94; 
Chapski
, 92 Ill. 2d at 352.  

Further, the constitutional freedoms of press and speech preclude a public official from recovering damages for defamation unless it can be proved that the statement was made with "actual malice."  
New York Times Co. v. Sullivan
, 376 U.S. 254, 279-80, 11 L. Ed. 2d 686, 706, 84 S. Ct. 710, 726 (1964) (
Sullivan
); 
Mittelman
, 135 Ill. 2d at 235.  The Supreme Court defined "actual malice" as knowledge of falsity or reckless disregard of truth or falsity.  
Sullivan
, 376 U.S. at 279-80, 11 L. Ed. 2d at 706, 84 S. Ct. at 726.  Mere proof of failure to investigate without more cannot establish reckless disregard for truth; rather, a plaintiff must establish that the person uttering the statement entertained serious doubts as to its truth.  
Harte-Hanks Communications, Inc. v. Connaughton
, 491 U.S. 657, 665-66, 105 L. Ed. 2d 562, 575-76, 109 S. Ct. 2678, 2684-85 (1989); 
Gertz
, 418 U.S. at 349-50, 41 L. Ed. 2d at 810-11, 94 S. Ct. at 3012; see also 
Davis v. Keystone Printing Service, Inc.
, 155 Ill. App. 3d 309, 320-22, 507 N.E.2d 1358 (1987).  

Plaintiff asserts that "[t]he statements were made" by defendant to plaintiff, "upon information and belief, in full knowledge that they were untrue or in reckless disregard of their truth or falsity."  Actual malice must be pleaded specifically, not conclusionally, as was done here; however, a plaintiff may not simply rely on self-serving allegations that a defendant acted maliciously.  Facts must be alleged that specifically tend to show defendant knew her statements were false or had a strong reason to suspect they were false.  Bias, ill will, or even hatred of a public official is irrelevant; and only a knowing or reckless disregard for the truth is actionable in these circumstances.  
Fogus v. Capital Cities Media, Inc.
, 111 Ill. App. 3d 1060, 1064, 444 N.E.2d 1100 (1982); 
Howell v. Blecharczyck
, 119 Ill. App. 3d 987, 994, 457 N.E.2d 494 (1983) (
Howell
).  

In 
Howell
, the court held that where there were no facts from which malice could be implied or presumed, the simple allegation that defendants did not believe their statements, had no reasonable grounds for believing them and published them with reckless disregard for the truth was not a sufficient assertion of malice.  119 Ill. App. 3d at 994; see also 
Edwards v. University of Chicago Hospitals & Clinics
, 137 Ill. App. 3d 485, 491, 484 N.E.2d 1100 (1985) (conclusional allegations in plaintiff's amended complaint that defendant published the allegedly defamatory diagnosis maliciously intending to injure her and to bring her into public scandal, disrepute and disgrace are, in and of themselves, insufficient to raise an inference of actual malice).  It is troubling to note that the majority opinion skates over this abject deficiency with little persuasive analysis.

On October 29, 2001, defendant moved to dismiss plaintiff's complaint for failure to state a cause of action under section 2-615.  Defendant argued that plaintiff failed to plead factually the alleged defamatory statement or show actual malice.  Alternatively, defendant contended that no defamation can exist where the alleged defamatory statement cannot be proved false.  Defendant also averred that her statement could not be considered defamatory because it was unclear that it was directed solely to plaintiff.  In addition, defendant asserted that her statement constituted privileged conduct protected by the first amendment.    

On January 22, 2002, the circuit court denied defendant's section 2-615 motion, but ordered the parties to submit briefs on the issue of whether defendant's statement was privileged under the first amendment.  Plaintiff responded that defendant's statement was not privileged because it was not part of the formal legislative process and did not relate to legislative proceedings.  Defendant replied that plaintiff misrepresented the contents of the statement, noting that the "statement" actually was a question posed by defendant to the board or plaintiff.  Defendant pointed out that this question could be construed innocently, does not use the word "bribe," and was asked in response to a legislative action, namely, a vote regarding a tax increment financing district.  Defendant argued that absolute immunity applies because her statement was a governmental criticism made at a legislative proceeding, which is protected by the first amendment.

On March 22, 2002, the circuit court granted defendant's motion to dismiss with prejudice pursuant to section 2-619(a)(9), citing 
Joseph v. Collis
, 272 Ill. App. 3d 200, 649 N.E.2d 964 (1995)
.  The court considered the issue of absolute privilege, although both parties made factual references outside the complaint and defendant failed to raise the issue of privilege as an affirmative defense in an appropriate section 2-619(a)(9) motion.  The court found that defendant's statement fell under a narrow, absolute privilege, applied to legislative and judicial proceedings.

Here, the problem is not the application of privilege, but deficient pleadings, which precludes consideration of all related issues.  Plaintiff's allegations of defamation were vague and conclusional.  The nature and factual context of the accusations of bribery are nowhere in the complaint, preventing the circuit court and this court from being able to determine whether the purported statement was "so obviously and inevitably hurtful that damage is presumed" (
Rodriguez-Erdmann v. Ravenswood Hospital Medical Center
, 190 Ill. App. 3d 24, 30, 545 N.E.2d 979 (1989) (
Rodriguez-Erdmann
)).  In addition, it cannot be determined from the face of the complaint whether the statement which allegedly injured plaintiff was true, whether a privilege might apply to its application, or whether the innocent construction rule has any application in light of the actual words and surrounding circumstances.  Nor does the complaint specifically show whether the statement was directed at plaintiff individually or to the Board.  Importantly, nothing factual has been pleaded in support of the conclusional malice assertion.  

Although the majority correctly notes that well-pleaded facts must be taken as true for purposes of a motion to dismiss, this rule should not be applied woodenly; a corollary of the asserted rule is that "a plaintiff cannot rely simply on mere conclusions of law or fact unsupported by specific factual allegations and a plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action being asserted."  
Anderson v. Vanden Dorpel
, 172 Ill. 2d 399, 408, 667 N.E.2d 1296 (1996); 
Jackson v. South Holland Dodge, Inc.
, 197 Ill. 2d 39, 52, 755 N.E.2d 462 (2001); 
Weidner v. Midcon Corp.
, 328 Ill. App. 3d 1056, 1059, 767 N.E.2d 815 (2002).  To accept plaintiff's pleadings that defendant imputed an actionable offense of bribery to plaintiff requires this court to surmise, speculate and conject over alleged defamatory words which were neither before the circuit court or this court.

Further, where a public figure alleges defamation, he or she must establish some factual basis for the conclusional assertions that the defamatory statements were made with knowledge of their falsehood or a reckless disregard for their truth or falsity.  
Rodriguez-Erdmann
, 190 Ill. App. 3d at 33.  Plaintiff merely made bare allegations of actual malice in her complaint and failed to provide any allegations of fact giving rise to a reasonable inference showing defendant knew the statement was false or that she proceeded in making the statement with a reckless disregard for its falsity.

This case is not about the presence or absence of quotation marks.  Nor is it about liberal or strict construction of a complaint.  It is about the failure to plead the necessary elements of alleged defamation 
per
 
se
 action.  To uphold the patently deficient complaint here fractures the law of defamation and sets precedent which deleteriously will affect decisions to follow.

This court can affirm a circuit court decision on any ground appearing in the record.  
Geick v. Kay
, 236 Ill. App. 3d 868, 873, 603 N.E.2d 121 (1992).  The instant vacuous complaint itself is the best reason for doing so here.