ALEXANDRA HAMILTON *et al.*, Plaintiffs-Appellants, *v.* SAFEWAY INSURANCE COMPANY, Defendants-Appellees.

First District (4th Division)    No. 80-2739

Opinion filed February 4, 1982.

Ronald S. Fishman, of Chicago, for appellants.

Michael J. O'Halloran, of Parrillo, Weiss & Moss, of Chicago, for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiffs appeal from the dismissal of count III, the class action count, of their three-count complaint filed March 14, 1980, in the chancery division of the circuit court of Cook County. In count I, plaintiffs Alexandra Hamilton, her two-year-old son Alfredo, and Refugia Gabaldon alleged that they were involved in an automobile accident with an uninsured motorist. The automobile they occupied was insured by the defendant, Safeway Insurance Company. The plaintiffs complained that Safeway refused to proceed to arbitration as required by the uninsured motorist provision of the insurance policy issued by it. In count II, plaintiffs Charles Fisher and his 11-year-old daughter Gia alleged that they too were insured by defendant Safeway, which had refused arbitration after their automobile accident involving an uninsured motorist. Plaintiffs Hamilton and Fisher both requested an order requiring Safeway to proceed into arbitration and to pay all costs, attorney's fees, and arbitrator's fees incurred.

In count III, all five plaintiffs in counts I and II, individually and as a class for all other persons similarly situated (people entitled to uninsured motorist or hit-and-run benefits under insurance policies issued by Safeway), alleged that they had been damaged by Safeway's having done the

following: refused to settle or arbitrate claims; engaged in dilatory tactics which required plaintiffs, even those with small claims, to submit to unnecessary medical examinations and to give unnecessary oral statements or depositions; engaged in "annoying, expensive and delaying procedures" to make settlement of plaintiffs' uninsured motorist or hit-and-run claims extremely difficult; and generally ignored claims submitted to "make it as difficult as possible for claimants * * * to settle or collect anything."

The plaintiffs alleged that "the numbers of the class are entirely unknown and it is therefore impractical to bring all persons before this Court"; that questions of law or fact exist which are common to the class and the plaintiffs' claims are typical; and that the plaintiffs will fairly and adequately protect the interest of the class. Plaintiffs requested an order enjoining defendant to end the alleged violations; appointment of a receiver to take over Safeway; and an order of liquidation or rehabilitation of Safeway.

Plaintiffs listed 13 alleged activities of Safeway which are improper claims practices under the Insurance Code of Illinois (Ill. Rev. Stat. 1979, ch. 73, par. 766 *et seq.*). Safeway filed its motion to dismiss all three counts. The trial court denied defendant's motion to dismiss counts I and II. It denied the motion to dismiss count III without prejudice, stating, "It should more properly be heard when there is a motion to certify the class."

Shortly thereafter, plaintiffs filed their motion for certification of a class. Safeway's response asserted that *Highsmith v. Allstate Insurance Co.* (1974), 17 Ill. App. 3d 615, 308 N.E.2d 204, which found that uninsured motorist claimants did not constitute a bona fide class, was dispositive of the issue. *Highsmith* denied class certification because it found that the facts of the claims would differ from case to case. Safeway listed several factual differences between the Hamilton and Fisher claims. Safeway asserted that certification of a class in this matter would create a lawsuit of "preposterous complexity" covering the multiple issues of policy construction, the nature of liability and damages, and proof of the absence of insurance coverage.

Thereupon, the trial court denied plaintiffs' motion to certify the proposed class under count III and dismissed count III with prejudice. Based on the pleadings, motions, and memoranda on file and on oral arguments of counsel, the trial court found that although the plaintiffs' claims satisfied one statutory prerequisite for maintenance of a class action, numerosity (Ill. Rev. Stat. 1979, ch. 110, par. 57.2(a)(1)), plaintiffs failed to satisfy the other requirements of the statute, which are that common questions predominate, class interests will be protected, and a class action is an appropriate method for adjudication (Ill. Rev. Stat. 1979,

ch. 110, par. 57.2(a)(2), (3), (4)). Accordingly, counts I and II were severed from count III and transferred to the law division of the circuit court. Plaintiffs appeal the order dismissing count III and denying class certification.

OPINION

There is no indication in the record that the trial court considered the validity of the cause of action stated in count III independently of the question whether a class action would be an appropriate vehicle for asserting it. Safeway's motion to dismiss the count was based exclusively on its contention that the proposed class of insureds was not certifiable under *Highsmith v. Allstate Insurance Co.* (1974), 17 Ill. App. 3d 615, 308 N.E.2d 204, and that the count was thus "substantially insufficient in law and equity." The trial court's order indicating that the motion to dismiss count III should "be heard when there is a motion to certify the class" implies that the trial court felt the issue was whether the proposed class was proper. The record indicates that the trial judge never considered whether the plaintiffs stated a cause of action by claiming that Safeway violated the Illinois Insurance Code through its alleged corporate policy of deliberately engaging in improper claims practices. On appeal neither plaintiffs nor defendant addressed the issue of whether count III stated a cause of action.

In *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 377 N.E.2d 813, the plaintiff's complaint had been dismissed by the trial court because it did not allege proper grounds for a class action suit. The appellate court reversed, holding that a class action was proper, but refused to address the issue of whether the plaintiff's complaint stated a cause of action, "since such issue is not properly before us." (*Landesman v. General Motors Corp.* (1976), 42 Ill. App. 3d 363, 367, 356 N.E.2d 105, 108.) The Illinois Supreme Court held that in ruling on the propriety of the class action it was necessary to determine whether the plaintiffs possessed a valid cause of action because such a requirement is subsumed in the Illinois statute governing class actions:

"(a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are *questions of fact or law* common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative *parties* will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 57.2(a).)

The court found the assumption of the emphasized language to be that a valid cause of action is a prerequisite to certification of a class. The cause was remanded to the circuit court with directions to determine, first, whether a cause of action was stated, and if so, to make the findings required by section 57.2(a) of the Civil Practice Act quoted above.

In *Schlessinger v. Olsen* (1981), 86 Ill. 2d 314, 427 N.E.2d 122, the supreme court found that certification of a class presupposes that a valid cause of action has been stated. It then held that a court could dismiss an insufficient complaint without reaching the certification issue. These cases indicate that when class certification is requested, the initial inquiry must be whether the representative plaintiff could bring the action in the first instance.

■■ Count III alleges violations of section 154.6 of the Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 766.6). It requests, among other things, an order enjoining defendant to cease and desist from committing the alleged violations; appointment of a receiver to take over the assets and operation of defendant company; and an order of liquidation or rehabilitation. We find the relief requested to be unavailable to plaintiffs.

This court recently held in *Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 407 N.E.2d 156, that a complaint alleging improper claims practices under section 154.6 was properly dismissed because that section merely defines acts which are improper, and provides no remedy. The remedies which are available consist of money damages, and are listed in section 155 (Ill. Rev. Stat. 1979, ch. 73, par. 767), under which plaintiffs have made no claim in count III. In enacting section 155 the legislature preempted the field of remedies available to an insured who has difficulties with an unreasonable and vexatious insurance company. See, *e.g.*, *Hoffman v. Allstate Insurance Co.*; *Tobolt v. Allstate Insurance Co.* (1979), 75 Ill. App. 3d 57, 393 N.E.2d 1171; *DeBolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373.

Section 154.7 of the Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 766.7) provides that the Director of Insurance shall take action against a company when he finds that it is engaging in improper claims practices. Furthermore, section 201 of the Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 813) provides that appointment of a receiver or liquidator may be done only upon the complaint of the Director. Thus we find that the legislature has chosen to make the relief requested in count III available only through action of the Director of Insurance. Such relief is unavailable to plaintiffs here because "[t]he legislature, had it intended to grant a private right of action for injunctive relief, would have explicitly done so

\* \* \*." *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 277, 361 N.E.2d 815, 822 (finding that legislative intent precluded a private suit for injunctive relief under the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1973, ch. 121½, par. 267)).

Because we find that count III fails to state a valid cause of action, *Landesman v. General Motors Corp.* and *Schlessinger v. Olsen* require that the trial court's dismissal of count III be affirmed. Accordingly, we affirm the order of dismissal of count III while expressing no opinion on the issue of whether certification of the proposed class would have been proper if the count had stated a cause of action.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.