FRANCIS VAN VLECK, Plaintiff-Appellant, v. THE OHIO CASUALTY IN-SURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—84—0027

Opinion filed November 16, 1984.

Edward G. Vogt, of Kankakee, for appellant.

Michael Gahan, of Thomas, Wallace, Feehan, Baron & Kaplan, Ltd., of Joliet, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Francis Van Vleck, filed a two-count complaint in the circuit court of Kankakee County against the Ohio Casualty Insurance Company (Ohio Casualty) based upon the defendant company's alleged failure to settle in good faith a claim against its insured. The circuit court dismissed both counts of the complaint. The plaintiff, Van Vleck, appeals.

On November 1, 1978, Van Vleck and Richard C. Barbee were involved in an automobile accident which resulted in personal injuries to Van Vleck. The automobile that Richard Barbee was driving at the time of the accident was owned by Mitzi Glumac. Barbee, at the time of the accident, was an employee of Turbine Transmission Service

Center (Service Center). Barbee, as the Service Center's agent, was delivering the car to Mitzi Glumac's son, who worked as a physical education instructor at the local high school. Glumac's son had requested that Barbee deliver the car to him after repairs had been completed. Richard Barbee was a high school student and part-time worker for the Service Center.

More than a year later, on December 20, 1979, Van Vleck hired an attorney to represent him in his claim for damages as a result of the accident. Named as defendants were Barbee, the Service Center and Mitzi Glumac. The Glumac automobile was insured by State Farm Mutual Auto Insurance Company. The Service Center's insurer was Ohio Casualty Insurance Company. Barbee was, at the time of the accident, a member of his father's household and insured under his father's policy. That policy was also written by Ohio Casualty Insurance Company.

Subsequent to the filing of suit by Van Vleck, Ohio Casualty filed a declaratory judgment suit in Cook County to determine whether its policy of insurance for the Service Center or State Farm's policy for Glumac would provide coverage for Van Vleck's injuries. That litigation was concluded on April 12, 1982, when the Cook County circuit court entered a judgment finding that at the time of the accident, Barbee was acting as the Service Center's agent, not Glumac's, and that Ohio Casualty's policy afforded coverage, not State Farm's. On the same day, Van Vleck accepted $103,982.50 under a covenant not to sue the Service Center.

Thereafter, on April 13, 1982, judgment was rendered in Van Vleck's suit against Barbee in the amount of $188,800. The amount of this judgment was reduced by the $100,000 paid on behalf of the Service Center, leaving $88,000 due on the judgment. This remaining amount was the basis of a garnishment action against Ohio Casualty, under the policy of insurance issued to Barbee's father. This action was unsuccessful because of the automobile business exclusion in that policy. See *Van Vleck v. Barbee* (1983), 115 Ill. App. 3d 936, 451 N.E.2d 25.

The instant action is brought by Van Vleck, as assignee of Barbee's cause of action against Ohio Casualty, for its alleged failure to settle in good faith the claims brought by Van Vleck against Barbee. The complaint alleges that Ohio Casualty failed to make any offer of settlement or to advise Van Vleck of the $100,000 policy limits. The complaint also asserts that Ohio Casualty rejected a tendered settlement offer in the amount of $160,333 prior to trial. Count I of the complaint purports that these acts and omissions by Ohio Casualty constituted an improper claims practice under section 154.6 of the Illi-

nois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 766.6(d)), for which Van Vleck, as the assignee of Barbee, should recover $88,800 plus interest and costs. Count II of the complaint alleged that Ohio Casualty's conduct constituted a breach of its duty of good faith to its insured for which damages in the same amount should be recovered. As earlier recounted, the circuit court dismissed both counts of the assignee's complaint.

■■ With regard to the allegations in count I, we find the authorities in agreement with the decision rendered by the circuit court. Section 154.6 merely provides a list of acts which constitute improper claims practices by insurers. Subparagraph (d) establishes the following as an improper claims practice:

> "Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear."

However, section 154.6 provides no private cause of action or remedy beyond those powers given to the State Director of Insurance in section 154.7, and, accordingly, Van Vleck's purported cause of action was properly dismissed. *Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 407 N.E.2d 156; *Hamilton v. Safeway Insurance Co.* (1982), 104 Ill. App. 3d 353, 432 N.E.2d 996.

The elements of the common law cause of action against an insurer for the breach of its duty of good faith to its insured are described in *Phelan v. State Farm Mutual Auto Insurance Co.* (1983), 114 Ill. App. 3d 96, 448 N.E.2d 579. Therein it states:

> "Where it appears that the probability of an adverse finding on liability is great and the amount of damages would exceed the policy limits, the insurer has a duty to settle within the policy limits or face an excess liability claim for a breach of the duty owed to the insured." 114 Ill. App. 3d 96, 104, 448 N.E.2d 579, 585.

The duty to settle within the policy limits does not impose upon the insurer the obligation to perform the impossible. Indeed, settlement requires the agreement of two parties.

> *"If an opportunity appears to settle within the policy limits,* thereby protecting the insured from excess liability, the insurer must faithfully consider it, giving the insured's interests at least as much respect as its own. [Citations.] The insurer need not submit to extortion; it may reject a bad deal without waiving the protection the policy limit gives it against the vagaries of lawsuits. But if the honest and prudent course is to settle, the insurer must follow that route. If it deviates from that

course, it will be liable for the whole judgment, so as to give the insured the protection that the policy was intended to provide. In cases within the policy limits, the insured was to be held entirely harmless. If the insurer by its own fault converts such a case—*one the insurer could have disposed of for a fair sum within the policy limits*—into a case beyond the policy limits, the insurer cannot complain of the size of the judgment, a consequence of its own bad faith, fraud or negligence." (Emphasis added.) *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 454, 408 N.E.2d 928, 935-36.

   ■ The assignee's complaint in the instant case is deficient in that it fails to allege that Ohio Casualty had an opportunity to settle on Barbee's behalf within the $100,000 limit of its policy. Specifically, the only demand received by Ohio Casualty, as set forth in the instant complaint, was for an amount in excess of the policy limits by $60,000. This is not a case where Ohio Casualty could have disposed of the claim for a fair sum but failed to do so as a consequence of its own bad faith, fraud or negligence. For this reason, we believe count II was properly dismissed.

   In reliance on the authorities set forth above, and after a careful review of the arguments of counsel and the record on appeal, we affirm the decision of the circuit court of Kankakee County.

Affirmed.

HEIPLE and STOUDER, JJ., concur.