EARL D. BAILEY, Plaintiff-Appellant, v. ALLSTATE DEVELOPMENT CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—00—0225

Opinion filed September 29, 2000.

Daniel H. Streckert and Kirsten M. Dunne, both of Goldberg, Weisman & Cairo, Ltd., of Chicago, for appellant.

Paul Kralovec and Dean Barakat, both of Law Offices of Shelmerdeane A. Miller, of Chicago, for appellees.

JUSTICE COHEN delivered the opinion of the court:

Plaintiff, Earl Bailey, filed a first amended complaint against defendants Allstate Development Corporation and Allstate Insurance Company (hereinafter referred to collectively as Allstate or defendants) seeking damages for injuries sustained when plaintiff fell from a ledge while washing windows at Allstate's corporate office building in Northbrook, Illinois. The trial court granted summary judgment in favor of defendants on the grounds that plaintiff's original complaint was filed more than two years after the occurrence and thus outside the statute of limitations period generally applicable to personal injury claims. 735 ILCS 5/13—202 (West 1998). The trial court rejected plaintiff's argument that his cause of action was governed by the extended four-year statute of limitations period set forth in the construction section of the Limitations Act (Act) (735 ILCS 5/13—214(a) (West 1998)). In ruling, the trial court did not address plaintiff's argument that a prior judge's denial of defendants' motion to dismiss precluded a subsequent grant of summary judgment on the same issue. We affirm the circuit court and find that: (1) a successor judge's grant of summary judgment is proper, absent a change in facts or circumstances, when a prior judge's order denying a defendant's motion to dismiss was not a ruling on the merits, and (2) plaintiff's cause of action is governed by the two-year statute of limitations generally applicable to personal injury claims because, as a matter of law, the performance of window washing services does not constitute the "construction of an improvement to real property" within the meaning of the Limitations Act (735 ILCS 5/13—214(a) (West 1998)).

## I. BACKGROUND

On July 11, 1991, Earl Bailey sustained severe injuries when he fell from the window ledge of an Allstate corporate office building. At the time of the accident, plaintiff was employed by Standard Window Cleaning Company/Millard Maintenance Service (Millard), which had contracted with defendants to perform window washing services on certain buildings owned and operated by defendants in Northbrook, Illinois. In order to perform his work, plaintiff was required to wet down windows while standing on an outdoor ledge. After the window was wet, plaintiff's coworker squeegeed the window to remove the water. Neither plaintiff nor his coworker was wearing a safety belt at

the time of the accident. Defendants specifically required safety belts to be worn by all persons performing window washing work on outdoor ledges.

Plaintiff's original complaint was filed in 1995, almost four years after plaintiff was injured. On May 4, 1995, plaintiff filed a first amended complaint against defendants which alleged a violation of the Structural Work Act (740 ILCS 150/0.01 *et seq.* (West 1994)) in count I and negligence in count II. Specifically, plaintiff alleged that safety belts, owned by defendants, were available on the Allstate premises but that defendants failed to provide workers with adequate access to them. Plaintiff further alleged that defendants knowingly allowed workers to stand on outdoor ledges while washing building windows without using any safety equipment.

On July 10, 1995, defendants filed a motion to dismiss count II of plaintiff's first amended complaint on the pleadings. In their motion, defendants argued that plaintiff's negligence action was time-barred pursuant to section 13—202 of the Limitations Act because it was filed after the two-year statute of limitations had expired. 735 ILCS 5/13—202 (West 1998). In response, plaintiff asserted that his first amended complaint alleged a cause of action arising out of a construction-related activity and was therefore governed by the four-year statute of limitations set forth in the construction section of the Act (735 ILCS 5/13—214(a) (West 1998)). Defendants replied that the four-year statute of limitations did not apply to plaintiff's cause of action because the construction-related activities outlined in section 13—214(a) do not encompass the performance of window washing services. 735 ILCS 5/13—214(a) (West 1998). Neither party cited any case law or relied on affidavits or other evidentiary material in support of its arguments. On September 15, 1995, the assigned motion judge denied defendants' motion to dismiss and directed defendants to file an answer to plaintiff's first amended complaint within 28 days.

On January 26, 1996, the motion judge granted defendants' motion for leave to file an answer to plaintiff's first amended complaint and affirmative defenses *instanter*. Defendants' first affirmative defense asserted "[p]laintiff's complaint is barred by the statute of limitations." On February 6, 1996, plaintiff filed a answer which denied, generally, the allegations contained in defendants' first affirmative defense. On September 13, 1999, defendants filed an amended motion for summary judgment in which they argued that the activities governed by section 13—214(a) of the Limitations Act do not include the performance of window washing services under Illinois case law. Plaintiff filed a response to defendants' motion for summary judgment asserting that the phrase "construction of improvement to

real property" has been liberally construed under Illinois case law and that this statutory provision should be read broadly to include plaintiff's window washing activities. Plaintiff also filed a surreply alleging that the motion judge's order denying defendants' motion to dismiss could not be reversed by the successor judge granting a motion for summary judgment, absent a change in facts or circumstances that would warrant a reversal of the court's prior position.

On December 15, 1999, the successor judge hearing the summary judgment motion entered a written decision and order granting defendants' motion on the grounds that the applicable two-year statute of limitations was expired at the time plaintiff filed his original complaint. The successor judge found, as a matter of law, that window washing is not within the realm of construction-related activities contemplated by section 13—214(a) of the Limitations Act. 735 ILCS 13—214(a) (West 1998). The successor judge's decision did not address plaintiff's argument that the motion judge's order denying defendants' motion to dismiss precluded a successor judge from granting summary judgment on the same issue, absent a change in facts or circumstances. This appeal followed.

## II. ANALYSIS

■ The issue on appeal is whether the successor judge erred in granting summary judgment in favor of Allstate. Although summary judgment is considered a drastic remedy, it is a proper method of disposing of a cause if the pleadings, depositions, admissions on file and any affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Smith v. Allstate Insurance Co.*, 312 Ill. App. 3d 246, 251 (1999); 735 ILCS 5/2—1005(c) (West 1998). A triable issue of fact exists only where there is a dispute as to a material fact or where, although the facts are not in dispute, reasonable minds might differ in drawing inferences from those facts. *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 31 (1999). In determining whether a genuine issue of fact exists or whether the trial court erred in its application of the law, all evidence is construed strictly against the movant and liberally in favor of the respondent. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 385 (1996). Because the propriety of the trial court's order granting summary judgment involves a question of law, the standard of review is *de novo*. *Barnett*, 171 Ill. 2d at 385.

### A. MOTION JUDGE'S DENIAL OF DEFENDANTS' MOTION TO DISMISS

Plaintiff's first argument on appeal is that the successor judge erred in granting defendants' summary judgment motion because she

did not take into consideration the fact that the motion judge had previously denied defendants' motion to dismiss, although both motions raised the statute of limitations as a defense. Plaintiff concedes that the successor judge was not required to follow the original motion judge's ruling. However, plaintiff argues that the successor judge was not at liberty to ignore the motion judge's order because this ruling had already disposed of the statute of limitations issue. In support of this argument, plaintiff cites several cases which hold that a successor judge should not reverse the discretionary ruling of a prior judge unless there is a change of circumstances or additional facts that warrant such action. *W.R. Grace & Co. v. Beker Industries, Inc.*, 128 Ill. App. 3d 215, 222 (1984), citing *Balciunas v. Duff*, 94 Ill. 2d 176, 188 (1983); *People ex rel. Phillips Petroleum Co. v. Gitchoff*, 65 Ill. 2d 249, 257 (1976). Accordingly, plaintiff argues that the successor judge's ruling should be reversed because defendants' summary judgment motion did not raise any new facts or case law that would warrant modification of the trial court's previous position on the statute of limitations issue. Plaintiff further notes that a circuit judge who simply disregards the order of a prior circuit judge "diminish[es] respect for and public confidence in our judiciary." *Phillips Petroleum*, 65 Ill. 2d at 257.

Defendants respond that the successor judge's summary judgment ruling was appropriate because the motion judge's ruling on their motion to dismiss was not on the merits. Defendants' motion to dismiss did not specify whether relief was sought pursuant to section 2—615 or 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—615, 2—619 (West 1998)). However, defendants note that, although the statute of limitations constitutes affirmative matter which is typically raised in a section 2—619 motion, there was no affidavit or other evidentiary material relied upon and that their motion only attacked the sufficiency of the complaint. 735 ILCS 5/2—619 (West 1998). Accordingly, defendants contend that the motion judge's order denying their motion to dismiss could not have been on the merits.

Defendants further argue that the procedural history of the case demonstrates that neither the parties nor the court considered the motion judge's September 15, 1995, order a ruling on the merits. First, defendants note that, on January 26, 1996, without any objection from plaintiff, the motion judge granted defendants leave to file their affirmative defenses *instanter*, which raised the statute of limitations as a defense. Also, on February 6, 1996, plaintiff filed an answer to defendants' affirmative defenses as opposed to filing a motion to strike defendants' first affirmative defense, which raised the statute of limitations as a bar to plaintiff's action. We agree with defendants' arguments.

In *Makowski v. City of Naperville*, 249 Ill. App. 3d 110, 118 (1993), plaintiff argued on appeal that the trial court erred in granting summary judgment based on certain affirmative defenses because the trial court had previously denied a motion to dismiss that raised the same affirmative defenses. The reviewing court rejected plaintiff's argument and held that the trial court's denial of a motion to dismiss that is not an adjudication on the merits does not preclude a defendant from raising the same affirmative defense in a subsequent motion for summary judgment. The court based its holding on the following provisions of section 2—619(d) of the Code:

> "The raising of any of the foregoing matters by motion under this [s]ection does not preclude the raising of them subsequently by answer unless the court has disposed of the motion on its merits; and a failure to raise any of them by motion does not preclude raising them by answer." 735 ILCS 5/2—619(d) (West 1998).

The *Makowski* court also relied on the fact that the trial court's order denying defendant's motion to dismiss did not expressly state that it was a ruling on the merits. The *Makowski* court declined to accept plaintiff's argument that, if silent, the reviewing court must assume that the trial court's ruling was on the merits. The appellate court stated:

> "Here, the record does not indicate whether the trial court disposed of defendant's section 2—619 motion to dismiss on the merits. Because a court may deny such a motion without reaching the merits, such as when it cannot determine with reasonable certainty that the alleged defense exists or because it concludes the motion may involve disputed factual issues [citation], we conclude that the denial of such a motion, without more, does not show that the court disposed of the motion on its merits." *Makowski*, 249 Ill. App. 3d at 118.

■ In the case at bar, the motion judge's September 15, 1995, order does not indicate whether it was a ruling on the merits. Based on our review of the record, it is unlikely that a ruling on the applicability of the four-year statute of limitations in section 13—214(a) of the Limitations Act was contemplated by the parties or the trial court. Significantly, defendants' motion to dismiss made no reference to section 13—214(a) and made no arguments regarding the proper scope of this section. Defendants' motion merely asserted that plaintiff's complaint sounded in negligence and that the two-year statute of limitations prescribed for negligence claims had expired.

In light of the limited issue raised in defendants' motion to dismiss and the parties' failure to cite any case law in support of their respective positions, we hold that the motion judge's ruling determined only

whether plaintiff's complaint sufficiently alleged that his accident arose out of a construction-related activity. Although plaintiff referenced section 13—214(a) in his response and defendants briefly attempted to distinguish this section in their reply, the record is devoid of any indication that the motion judge conducted a substantive analysis of the statutory provisions in section 13—214(a), which would be required for a ruling on the merits. See 735 ILCS 5/13—214(a) (West 1998). Therefore, pursuant to section 2—619(d) of the Code, we hold that defendants were not precluded from raising the statute of limitations as an affirmative defense in a subsequent motion for summary judgment as the motion judge's September 15, 1995, order was not a ruling on the merits.

Plaintiff further argues that *Makowski* is not applicable in "the special situation of one judge sitting in review of another judge's determination." Plaintiff's argument is misplaced. Section 2—619(d) makes it clear that a defendant is entitled to raise affirmative defenses in a motion for summary judgment if a prior motion to dismiss brought pursuant to section 2—619 was not decided on the merits. See 735 ILCS 5/2—619(d) (West 1998). Logically sound, section 2—619(d) recognizes that when a prior judge's ruling is not on the merits, the issue is technically left "unconsidered" and "undecided." *People v. Rowe*, 291 Ill. App. 3d 1018, 1023 (1997), citing *People v. Giles*, 230 Ill. App. 3d 730, 733 (1992). As such, an order entered by a successor judge that disposes of a substantive issue does not amount to a "reversal" of the prior judge's order. In these circumstances, the cases cited by plaintiff that address a successor judge's modification of a prior judge's discretionary rulings are simply not applicable. See *Ericksen v. Village of Willow Springs*, 279 Ill. App. 3d 210, 215 (1995) (successor judge's dismissal of plaintiff's action on statute of limitations grounds did not revise or modify order entered by prior judge because statute of limitations issue was left undecided by prior judge).

It should be noted that, even if this court determined that the motion judge's order which denied defendants' motion to dismiss was a ruling on the merits, the result would be the same. The trial court's denial of a section 2—619 motion to dismiss is an interlocutory order that is not final and appealable. *Ericksen*, 279 Ill. App. 3d at 214. An interlocutory order may be modified or revised by a successor court at any time prior to final judgment. *Ericksen*, 279 Ill. App. 3d at 214, citing *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113 (1978); *Balciunas v. Duff*, 94 Ill. 2d 176, 185 (1983). However, in circumstances where the interlocutory order involved the exercise of a prior judge's discretion, the successor judge may overturn the order only where new facts or circumstance warrant such action and there is no evidence of "judge

shopping." *Lake County Riverboat, L.P. v. Illinois Gaming Board,* 313 Ill. App. 3d 943, 950 (2000), citing *McClain v. Illinois Central Gulf R.R. Co.,* 121 Ill. 2d 278, 287 (1988). A noteworthy exception to this rule exists where the successor judge finds that the previous interlocutory order is erroneous as a matter of law. In such a case, the successor judge has the power to correct the previous order regardless of the existence of new matter. *Lake County,* 313 Ill. App. 3d at 950, citing *Towns v. Yellow Cab Co.,* 73 Ill. 2d 113, 121 (1978).

The record reveals that there were no new facts or circumstances presented by defendants that would warrant modification of the motion judge's order. Thus, assuming the motion judge's denial of defendants' motion to dismiss was a ruling on the merits, modification by the successor judge would only be appropriate if the motion judge's order was legally erroneous. Plaintiff contends that the successor judge erred because, in ruling, she did not discuss either defendant's earlier motion to dismiss or the motion judge's September 15, 1995, order denying that motion. Essentially, plaintiff's argument assumes that the successor judge's failure to make an express finding that the motion judge's order was erroneous as a matter of law is grounds for reversal. Plaintiff's argument fails.

■ In determining whether the trial court erred in entering judgment as a matter of law, the trial court's reasoning for its decision is not binding on this court, as we must conduct a *de novo* review of the record. *Dowd & Dowd, Ltd. v. Gleason,* 181 Ill. 2d 460, 483 (1998). Furthermore, although not an ideal circumstance for effective appellate review, it is not reversible error for a trial court to omit findings of fact or law when ruling on a motion for summary judgment. *Makowski,* 249 Ill. App. 3d at 115. "While such a failure can leave the nonprevailing party in a quandary as to exactly why the trial court ruled as it did, it is the ruling [that] is being appealed, not the reasons for the ruling." *Makowski,* 249 Ill. App. 3d at 115. Accordingly, we hold that the successor judge's failure to specifically mention the motion judge's September 15, 1995, order in her summary judgment ruling is not itself grounds for reversal.

Despite the successor judge's failure to mention the motion judge's prior order in her decision, summary judgment must be upheld if the original motion judge's order was, in fact, erroneous as a matter of law. See *Lake County,* 313 Ill. App. 3d at 950-52 (successor judge's reconsideration of venue ruling upheld where court ultimately determined that prior judge's ruling on venue issue was legally erroneous). Thus, our focus turns to the ultimate issue on appeal: Was plaintiff engaged in a "construction-related" activity when he was injured, thus affording plaintiff the benefit of the extended four-year

statute of limitations in section 13—214(a) of the Limitations Act (735 ILCS 5/13—214(a) (West 1998)).

## B. STATUTES OF LIMITATION

■ Under the Limitations Act, as set forth in the Illinois Code of Civil Procedure (Code), the statute of limitations for personal injury claims requires that causes of action arising from such injuries be commenced within two years of the date on which the cause of action accrued. 735 ILCS 5/13—202 (West 1998). However, section 13—214(a) of the Act provides an extended four-year limitations period when a cause of action arises from an act or omission "in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." 735 ILCS 5/13—214(a) (West 1998).

Our supreme court has held that " '[w]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail.' " *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 195 (1992), quoting *Bowes v. City of Chicago*, 3 Ill. 2d 175, 205 (1954). Accordingly, where plaintiff's personal injury claim arises out of a construction-related activity, the more specific four-year limitations provision in section 13—214(a) of the Limitations Act will control and plaintiff's case will not be time-barred for failure to file within the two-year period set forth in section 13—202 of the Act. *Hernon*, 149 Ill. 2d at 196, 200; 735 ILCS 5/13—202, 13—214(a) (West 1998). Thus, the issue on appeal narrows. The question becomes whether plaintiff was engaged in the "construction of an improvement to real property" within the scope of section 13—214(a) such that his cause of action is governed by the extended four-year limitations period. *Estate of Herington v. County of Woodford*, 250 Ill. App. 3d 870, 873-75 (1993).

## C. CONSTRUCTION NEGLIGENCE
## STATUTE/SECTION 13—214(a)

■ Whether plaintiff's performance of window washing services qualifies as the "construction of an improvement to real property" within the meaning of section 13—214(a) of the Limitations Act is a question of statutory interpretation. The standard of review is *de novo*. *King v. Industrial Comm'n*, 189 Ill. 2d 167, 171 (2000). The cardinal rule of statutory construction is to ascertain and give effect to the true meaning and intent of the legislature. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). When construing a disputed statutory provision, the court must first consider the statutory language. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 541 (1992). Where the

language employed by the legislature is clear and unambiguous, "a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). Further, in ascertaining the meaning of a statutory provision, courts should avoid an interpretation that would render any particular word or phrase superfluous or meaningless. *Kraft*, 138 Ill. 2d at 189.

Plaintiff argues that the successor judge's summary judgment ruling was erroneous because she performed an incomplete analysis and failed to consider all of the relevant factors when applying the law to the present case. Plaintiff contends that a proper analysis of whether an activity is an "improvement" under section 13—214(a) must take into consideration each of the factors outlined in *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1 (1992). In *St. Louis*, our supreme court stated:

> "Relevant criteria for determining what constitutes an 'improvement to real property' include: whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced." *St. Louis*, 153 Ill. 2d at 4-5.

Plaintiff notes that the trial court must also take into consideration Black's Law Dictionary's definition of "improvement," adopted by the supreme court in *St. Louis*, which provides that an "improvement" is "[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." *St. Louis*, 153 Ill. 2d at 4, citing *Black's Law Dictionary* 682 (5th ed. 1979).

Plaintiff further argues that the successor judge's decision neglected to mention either *State Farm Mutual Auto Insurance Co. v. W.R. Grace & Co.—Conn.*, 24 F.3d 955 (7th Cir. 1994), or *Krueger v. A.P. Green Refractories Co.*, 283 Ill. App. 3d 300 (1996), which "were arguably the most important cases for the court to consider." Plaintiff contends that these two cases, when read together, establish that the factors set forth in *St. Louis*, 153 Ill. 2d 1, have been so liberally construed that window washing activities are properly within the realm of the statute's application. See *Krueger*, 283 Ill. App. 3d at 305 (criticizing *State Farm* court's refusal to follow *St. Louis* despite the fact that *State Farm* court conceded spray-on fireproofing material was an "improvement" under the supreme court's definition in *St.*

*Louis*). Plaintiff also contends that certain findings in the successor judge's decision were inconsistent with controlling case law. Specifically, plaintiff argues that the successor judge's determination that window washing is not an "improvement" under section 13—214(a), despite her finding that "clean windows make a building more attractive," was erroneous because the definition of "improvement" in *St. Louis* includes "ameliorations in the condition of real property, intended to enhance the beauty of the property."

Defendants respond that a commonsense analysis of the activity of window washing demonstrates that the successor judge's summary judgment ruling was proper. First, defendants argue that the phrase "construction of an improvement to real property" in section 13—214(a) must be read together as a whole and not separately as construction *or* improvement. Defendants assert that when the language of the statute is clear and unambiguous, it should be given its plain and ordinary meaning. *Hernon*, 149 Ill. 2d at 194-95. Defendants note that Black's Law Dictionary defines "construct" as:

> "[t]o build; erect; put together; make ready for use. To adjust and join materials, or parts of, so as to form a permanent whole. *** 'Construct' is distinguishable from 'maintain,' which means to keep up, to keep from change, to preserve." Black's Law Dictionary 312 (6th ed. 1990).

Defendants argue that application of the plain meaning of "construct" as distinguished from "maintenance," along with application of the "improvement" factors outlined in *St. Louis*, 153 Ill. 2d at 4-5, indicates that window washing is merely a maintenance activity that is not within the scope of construction-related activities contemplated by the legislature in section 13—214(a). Again, we agree with defendants' arguments.

■ In *St. Louis*, the supreme court held that whether an activity constitutes an "improvement to real property" is a question of law. *St. Louis*, 153 Ill. 2d at 3. Although its resolution is grounded in fact, where there are no material facts in dispute, summary judgment on this issue is proper. *St. Louis*, 153 Ill. 2d at 3-5; *Bank of Ravenswood v. City of Chicago*, 307 Ill. App. 3d 161, 166-67 (1999) (summary judgment affirmed because construction and installation of a subway system were not "construction of an improvement to real property" within the meaning of section 13—214(a)).

The undisputed facts in this case are that plaintiff's injury occurred while performing routine window washing services at an Allstate corporate office building in Northbrook, Illinois. Plaintiff was not engaged in washing windows as part of a construction project. Rather, plaintiff's employer, Millard, had contracted with defendants

to clean both the exterior and interior of all the windows on the stated office buildings at least once a month. Pursuant to this agreement, Millard was to provide defendants with weekly reports detailing the work done and the areas cleaned in a given week. When cleaning interior windows, Millard employees were required to take care not to spill any dirty water on drapes, carpet or furniture.

■ Our analysis begins with reference to the definition of "improvement" adopted by the supreme court in *St. Louis*. A commonsense, practical application of the law indicates that the performance of window washing services is not "[a] valuable addition made to property ." See *St. Louis*, 153 Ill. 2d at 4. Defendants correctly assert that the phrase "addition made to property" necessarily implicates the definition of "construct," which means "to build," "to erect" or "to put together." *Black's Law Dictionary* 312 (6th ed. 1990). As no materials or products are being "added" to the building or structure, we conclude that window washing cannot be a "valuable addition made to property."

We next determine whether window washing is "an amelioration in [the building's] condition, amounting to more than mere repairs or replacement." *St. Louis*, 153 Ill. 2d at 4. Because window washing can reasonably be considered an "amelioration" of the dirty condition of a building, the question becomes whether this activity is "more than mere repairs." To "repair" is to "restore to a sound or good state." *Black's Law Dictionary* 1298 (6th ed. 1990). The performance of repairs contemplates "an existing structure or thing which has become imperfect, and means to supply in the original existing structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed." *Black's Law Dictionary* 1298 (6th ed. 1990). In this case, defendants contracted with Millard to restore Allstate's building windows to the clean condition in which they originally existed. Applying the plain and unambiguous language adopted by the supreme court in defining "improvement" to the facts of this case, we hold that window washing is only a "repair" or "maintenance," nothing more.

Further support for our interpretation that window washing does not amount to an "improvement" lies in the fact that many of the relevant criteria set forth in *St. Louis* cannot be rationally applied to the performance of window washing services. See *St. Louis*, 153 Ill. 2d at 4-5. Even plaintiff concedes that window washing, by its nature, is "temporary" as illustrated by the parties' contract for monthly window washing service. Plaintiff further concedes that window washing does not become an "integral component of an overall system" because, as noted above, no materials or products are being added to

the building. It is clear that any "increase in the value" to a corporate office building by virtue of having clean windows is *de minimis*, at best. Finally, the "use of the property" is not enhanced. Common sense dictates that clean windows do not have an appreciable impact on the conduct of corporate business transactions. Therefore, after a thorough analysis, we hold that plaintiff's cause of action is governed by the two-year statute of limitations generally applicable to personal injury claims (735 ILCS 5/13—202 (West 1998)) because, as a matter of law, the performance of window washing services does not constitute the "construction of an improvement to real property" within the meaning of the Limitations Act (735 ILCS 5/13—214(a) (West 1998)).

Plaintiff's additional argument that questions of fact remain regarding whether window washing is an "improvement" within the meaning of section 13—214(a) is without merit. Plaintiff contends that "window washing might increase the value or utility of a building, depending on how contaminated the windows were; with what substances they were contaminated; and the use to which the building was being put." Plaintiff argues that summary judgment is inappropriate because these facts are not disclosed by the record. One can only wonder why these "facts" are *not* of record if plaintiff is relying on them. Nevertheless, it is clear from the record that the buildings in question are office buildings located in Northbrook, Illinois, from which Allstate conducts its corporate business. As such, we find plaintiff's speculations unpersuasive and, indeed, patently ridiculous. We note that to rule otherwise would be to invite an absurd situation whereby all routine "maintenance" and "repair" activities (such as waxing floors, changing light fixtures and mowing lawns) would be considered "construction-related" activities within the ambit of section 13—214(a) and thereby governed by an extended four-year statute of limitations. Nothing in the language of section 13—214(a) indicates that the legislature intended such a bizarre, comprehensive and expansive result. 735 ILCS 5/13—214(a) (West 1998).

## III. CONCLUSION

For the foregoing reasons, we affirm the Circuit Court of Cook County's order granting Allstate's summary judgment motion.

Affirmed.

McNULTY, P.J., and O'MARA FROSSARD, J., concur.