CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, v. HILL MECHANICAL GROUP *et al.*, Defendants-Appellants.—HILL MECHANICAL GROUP *et al.*, Plaintiffs-Appellants, v. CASUALTY INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division) Nos. 1—00—0652, 1—00—0654, 1—00—0656 cons.

Opinion filed June 28, 2001.—Rehearing denied August 3, 2001.

Berger, Newmark & Fenchel, P.C., of Chicago (David J. Lloyd, of counsel), for appellants.

Katten, Muchin, Zavis, of Chicago (David K. Schmidt and Robert C. Kimmeth, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendants Hill Mechanical Group, Hill Mechanical Operations, Inc., L.C. Kohlman, Inc., Hill/Wendt Corporation, Kohlman-Hill, Inc., Federal Ventilating Company, and Kohlman Engineers Corporation (collectively Hill) appeal from the dismissal of their 1999 complaint and count I of their 1999 counterclaim filed against plaintiff Casualty Insurance Company (Casualty). Hill also appeals the circuit court's denial of its motion to reconsider the earlier denial of leave to file counts II and III of the 1999 counterclaim.

Casualty issued worker's compensation insurance policies to Hill for each policy year from April 1, 1988, through April 1, 1993. Each policy contained an identical "high-low endorsement" that allowed Casualty to adjust retrospectively the premiums on each policy to cover costs, expenses, and liabilities incurred during each policy period. On January 10, 1996, Casualty filed a breach of contract action against Hill to collect an unpaid final adjusted premium of $446,635, under the 1992-93 worker's compensation policy (the 1996 complaint).

Hill made repeated attempts to obtain discovery from Casualty, including claim files for policy years prior to 1992-93. Casualty objected on the grounds that the pre-1992-93 claim files were not relevant to the 1996 complaint, which involved only the 1992-93 policy. On January 12, 1998, Hill's motion to compel production of the pre-1992-93 claim files was denied, with the exception of pre-1992-93 claim files relating to Randy Brien.

On February 24, 1998, Hill unsuccessfully sought leave to file a one-count counterclaim sounding in breach of contract (the 1998 counterclaim), in which Hill alleged that Casualty mishandled claims

in four prior policy years, as well as in the 1992-93 policy year, resulting in damages in excess of $1 million.

On August 17, 1998, the circuit court entered an order requiring Casualty to submit to Hill's attorney the pre-1992-93 claim files "for attorney's eyes only." The order further required Hill's attorney to file a document with the court stating why any of the produced material was relevant. On October 23, 1998, the court considered the relevance of the pre-1992-93 claim files and found that the request for their production remained denied.

On February 9, 1999, Hill sought leave to file another counterclaim (the 1999 counterclaim), which involved only the 1992-93 policy. Count I alleged that Casualty breached its contractual obligations to Hill by failing to investigate adequately worker's compensation claims; failing to interview witnesses and take witness statements; paying worker's compensation claims that should not have been paid because there was no statutory or factual basis for the claims; overpaying claims; failing to adequately verify wages; failing to monitor the medical management of claims in a proper or timely manner resulting in overpayment of both medical, temporary total, and permanent partial disability payments; failing to calculate the total temporary disability and partial permanent disability benefits in accordance with the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1998)); failing to properly categorize unallocated costs and legal expenses under the policy; failing to thoroughly or adequately defend proceedings or suits brought against Hill for benefits claimed under the policy; failing to supervise and coordinate the investigation, administration, management, defense, and settlement of claims; unreasonably settling worker's compensation claims without any adequate factual, medical, legal, or statutory basis; establishing unreasonably large loss reserves; improperly calculating the final adjustment by using a reference date beyond one allowed under the terms of the high/low plan endorsement; wrongfully calculating and charging premiums pursuant to manuals, rates, rules, classifications, rating plans, system of adjustment of premiums, and systems which had never been submitted to the State of Illinois for approval nor been approved by the State of Illinois; wrongfully refusing to allow Hill access to evaluate insurance claim files to determine the accuracy, reliability, and good faith of the determinations made by Casualty; and wrongfully denying Hill access to the claim files created under the policy and wrongfully failing to preserve them. Hill alleged that these acts resulted in payment and overpayment of claims that were not compensable under the Workers' Compensation Act and higher premiums and higher future premiums because of the distorted experience modification factors calculated from the excessive claims paid.

Counts II and III of the 1999 counterclaim sought refunds of premiums and alleged a violation of section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (815 ILCS 505/2 (West 1998)), respectively, based upon Casualty's alleged failure to comply with Illinois Department of Insurance (the Department) filing requirements.

On March 16, 1999, leave to file counts II and III of the 1999 counterclaim was denied on the ground that Hill failed to exhaust all administrative remedies. The order also required Casualty to produce all remaining claim files for the 1992-93 policy year.

On March 26, 1999, Hill filed an independent complaint against Casualty (the 1999 complaint), which was identical to the 1999 counterclaim, except that it involved the 1988-89, 1989-90, 1990-91, and 1991-92 policies. Casualty successfully moved to consolidate the 1999 complaint with the 1996 complaint.[1] On July 23, 1999, Hill was granted leave to file count I of the 1999 counterclaim.

On August 16, 1999, Hill filed a motion to reconsider the March 16, 1999 order denying leave to file counts II and III of the 1999 counterclaim. Casualty filed a motion to dismiss the 1999 complaint under section 2—619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619 (West 1998) (section 2—619)) and a separate section 2—619 motion to strike or dismiss the 1999 counterclaim. On January 28, 2000, the 1999 complaint and the 1999 counterclaim were dismissed pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1998) (section 2—615)), and Hill's motion to reconsider the March 16, 1999, order was denied.[2] The January 28, 2000, order included a Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) finding. Hill filed three separate notices of appeal, which were consolidated on February 24, 2000.

## I

Hill first contends that the circuit court erred in dismissing the 1999 complaint and count I of the 1999 counterclaim under section 2—615. Casualty responds that the court properly dismissed the pleadings as factually deficient.

●1 A complaint dismissed under section 2—615 requires the reviewing court to apply a *de novo* standard of review. *Meng v. May-*

---

[1]While the motion to consolidate was pending, the circuit judge then considering the case retired, and the present circuit judge was assigned to the case.

[2]The circuit court *sua sponte* converted Casualty's section 2—619 motions into section 2—615 motions. See *B.C. v. J.C. Penney Co.*, 205 Ill. App. 3d 5, 562 N.E.2d 533 (1990).

*wood Proviso State Bank*, 301 Ill. App. 3d 128, 702 N.E.2d 258 (1998). The question presented by a section 2—615 motion to dismiss is whether sufficient facts have been pled in the complaint which, if proved, would entitle plaintiff to relief. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 652 N.E.2d 267 (1995). All well-pleaded facts in the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 653 N.E.2d 968 (1995). A complaint is susceptible to dismissal under section 2—615 for failure to state a cause of action only when it clearly appears that no set of facts could be proved under the pleadings that would entitle plaintiff to relief. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 712 N.E.2d 330 (1999).

## A

According to Hill, it properly stated claims for breach of contract in counts I, IV, VII, and X of the 1999 complaint and in count I of the 1999 counterclaim. The allegations in each count are identical, except that each count refers to a different policy year. To state a cause of action, the claim must be both legally and factually sufficient, setting forth a legally recognized claim as its basis, as well as pleading facts which are cognizable legally. *Nuccio v. Chicago Commodities, Inc.*, 257 Ill. App. 3d 437, 628 N.E.2d 1134 (1993).

The parties agree that Hill's claims were legally sufficient. In *National Surety Corp. v. Fast Motor Service, Inc.*, 213 Ill. App. 3d 500, 572 N.E.2d 1083 (1991) (*National Surety*), the appellate court recognized that a cause of action is stated in either contract or tort when an insured sues his insurer for a breach of duty for settling claims in an unreasonable manner when the policy of insurance contains a retrospective premium feature. At issue is whether Hill's claims were factually sufficient. In *National Surety*, defendant's counterclaim alleged that plaintiff breached its contractual duty under the policy by failing to investigate claims properly, failing to obtain wage statements, failing to obtain witness statements, overreserving claims, and overpaying claims resulting in higher premiums and higher future premiums for the defendant because of the distorted loss experience calculated from the excessive claims paid. Similarly, in the present case, Hill specifically alleged that Casualty settled claims in an unreasonable manner by, *inter alia*, settling matters at higher than justifiable amounts, settling cases with claimants who had no entitlement to receive anything, and improperly investigating alleged claims.

Casualty responds that Hill's breach of contract claims contained nothing more than conclusional allegations that failed to set forth suf-

ficient facts. According to Casualty, Hill provided only a laundry list of everything an insurance company could possibly do wrong with respect to insurance claims handling. Nothing in the 1999 complaint or the 1999 counterclaim, Casualty maintains, demonstrated that the generalized allegations of claims mishandling had any good-faith factual basis in Casualty's actual practices or were grounded in real occurrences. Yet, Casualty failed to move to make the pleadings more definite and certain (735 ILCS 5/2—615(a) (West 1998)) or demand a bill of particulars (735 ILCS 5/2—607(a) (West 1998)).

•2 A pleader is not required to set out his evidence. Only the ultimate facts to be proved need be alleged, not the evidentiary facts tending to prove such ultimate facts. *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 430 N.E.2d 1005 (1981); *Board of Education v. Kankakee Federation of Teachers Local No. 886*, 46 Ill. 2d 439, 264 N.E.2d 18 (1970); *Rodgers v. Whitley*, 282 Ill. App. 3d 741, 668 N.E.2d 1023 (1996); *Roark v. Macoupin Creek Drainage District*, 316 Ill. App. 3d 835, 738 N.E.2d 574 (2000). Hill has alleged the ultimate facts that Casualty breached the contract in a number of ways by failing to investigate claims, failing to interview witnesses, paying claims not covered under applicable statutes, and failing to verify workers' wages, among others.

The circuit court erred in dismissing counts I, IV, VII, and X of the 1999 complaint and count I of the 1999 counterclaim.

## B

•3 Hill contends that the circuit court erred in dismissing the refund claims brought under section 462b of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/462b (West 1998) (section 462b)), in counts II, V, VIII, and XI of the 1999 complaint for failure to state a cause of action.[3] There are no Illinois cases that establish what allegations are requisite to state a claim for a refund; however, the statute

---

[3]Section 462b provides:

"Insurance companies shall apply correct classifications, payrolls and other factors of a rating system to compute premiums. If the application of incorrect classifications, payrolls or any other factors of a rating system results in the payment by an insured of premiums in excess of the premiums that would have been paid utilizing the correct applications of classifications, payrolls and other factors of a rating system, the insurer shall refund to the insured the excessive premium paid for the period during which the incorrect application of classifications, payrolls or other factors of a rating system were applied. This Section is intended to codify existing law and practice." 215 ILCS 5/462b (West 1998).

suggests that the elements include: (1) the existence of an insurance contract; (2) allegations of incorrect application of classification, payroll, or other factors of a ratings system to compute premiums and/or the application of an incorrect classification, payroll, or other factors of an incorrect ratings system to compute premiums, and (3) such conduct resulted in overpayment by the insured. In each of the refund counts, Hill alleged that Casualty "failed to file or otherwise advise the Illinois Department of Insurance of the existence of its classification plans, special risks, payrolls, and any and all other factors related to the rating system relied upon to compute premiums *** in violation of its obligations under 215 ILCS 5/457."[4] Hill further alleged that as a result of the specific acts of claims mishandling alleged in count I of the complaint Casualty "further failed to calculate premiums by employing correct classifications, payrolls, and other factors in violation of 215 ILCS 5/462b." Because of Casualty's failure to comply with sections 457 and 462b, Hill was overcharged premiums. These allegations reasonably informed Casualty of the nature of the claim it was required to meet. 735 ILCS 5/2—612(b) (West 1998) (section 2—612(b)).

The circuit court erred in dismissing counts II, V, VIII, and XI of the 1999 complaint.

## C

•4 Hill maintains that the circuit court erred in dismissing counts III, VI, IX, and XII of the 1999 complaint which alleged violations of section 2 of the Consumer Fraud Act (815 ILCS 505/2 (West 1998) (section 2)). The elements of a cause of action under the Consumer Fraud Act include: (1) a deceptive act or practice, including concealment or omission of any material fact; (2) defendant's intent that plaintiff relies on the concealment; (3) the concealment occurred in the course of conduct involving trade or commerce; and (4) the concealment proximately caused injury to plaintiff. *Washington Courte Condominium Ass'n-Four v. Washington-Golf Corp.*, 267 Ill. App. 3d 790, 643 N.E.2d 199 (1994); *Pawlikowski v. Toyota Motor Credit Corp.*, 309 Ill. App. 3d 550, 722 N.E.2d 767 (1999). The Consumer Fraud Act applies to unfair practices in adjusting insurance claims. *Elder v. Coronet Insurance Co.*, 201 Ill. App. 3d 733, 558 N.E.2d 1312 (1990).

---

[4]Section 457 provides in pertinent part:

"Rate filings. (1) Beginning January 1, 1983, every company shall file with the Director every manual of classifications, every manual of rules and rates, every rating plan and every modification of the foregoing which it intends to use. Such filings shall be made not later than 30 days after they become effective." 215 ILCS 5/457 (West 1998).

●5 In the present case, Hill alleged that Casualty violated section 2 by failing to advise Hill of the following material facts: (1) Casualty's failure to comply with the filing requirements of section 457 of the Insurance Code (215 ILCS 5/457 (West 1998) (section 457)) and (2) Casualty's claims mishandling as set forth in count I of the 1999 complaint. Hill further alleged that the concealed, omitted, and suppressed information was the type of information upon which an employer would be expected to rely when deciding whether to purchase worker's compensation insurance from a particular carrier. These allegations also met the standards of section 2—612(b).

The circuit court erred in dismissing counts III, VI, IX, and XII of the 1999 complaint.[5]

## II

Hill next contends that the circuit court erred in denying its motion to reconsider the denial of leave to file counts II and III of the 1999 counterclaim. Counts II and III rely on allegations that Casualty failed to comply with filing requirements and/or to disclose information under section 457. Due to the alleged violations of section 457 and the claims mishandling contained in the breach of contract counts, Hill sought a full refund of premium pursuant to section 462b in count II and damages under the Consumer Fraud Act in count III. On March 16, 1999, the court entered an order denying leave to file "all

---

[5]Casualty further argues that the 1999 complaint was nothing more than an effort by Hill to circumvent prior circuit court rulings regarding the 1998 counterclaim. The breach of contract counts in the 1999 complaint contain the same allegations of pre-1992-93 claims mishandling as were rejected by the circuit court. Casualty argues that the present circuit judge, succeeding the first circuit judge, was required to honor those prior rulings, citing several cases which hold that a successor judge should not reverse the discretionary ruling of a prior judge unless there is a change of circumstances or additional facts which warrant such action and there is no evidence of judge shopping. See *Bailey v. Allstate Development Corp.*, 316 Ill. App. 3d 949, 738 N.E.2d 189 (2000) (*Bailey*); *Lake County Riverboat L.P. v. Illinois Gaming Board*, 313 Ill. App. 3d 943, 730 N.E.2d 524 (2000) (*Lake County*); *Marcy v. Markiewicz*, 233 Ill. App. 3d 801, 599 N.E.2d 1051 (1992); *In re Marriage of Falstad*, 152 Ill. App. 3d 648, 504 N.E.2d 908 (1987); *Balciunas v. Duff*, 94 Ill. 2d 176, 446 N.E.2d 242 (1983). None of these cases, however, involve a situation where the successor judge's ruling comes in an independent cause of action.

A successor judge should overturn a previous judge's interlocutory order when the prior order was erroneous as a matter of law. *Bailey*, 316 Ill. App. 3d at 957; *Lake County*, 313 Ill. App. 3d at 950. As discussed above, Hill's breach of contract claims were factually sufficient and any finding to the contrary by the original judge was erroneous.

counts of the proposed counterclaim to the extent they rely upon alleged violations of 215 ILCS 5/457 as defendants have not exhausted their administrative remedies."

●6 The circuit court's decision to deny leave to amend pleadings is a matter of discretion and will not be reversed absent an abuse of discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 586 N.E.2d 1211 (1992). Hill argues that the court abused its discretion because its denial was based on an error of law. *People ex rel. Hartigan v. E&E Hauling, Inc.*, 153 Ill. 2d 473, 607 N.E.2d 165 (1992); *People v. Brockman*, 143 Ill. 2d 351, 574 N.E.2d 626 (1991); *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 520 N.E.2d 293 (1987); *People ex rel. The Chesapeake & Ohio Ry. Co. v. Donovan*, 30 Ill. 2d 178, 195 N.E.2d 634 (1964). Specifically, Hill contends that it was not required to pursue its claims before the Department, because those claims relied on sections 457 and 462b, neither of which makes any reference to the necessity for or the availability of an administrative remedy. The court cited no section of the Insurance Code, nor any case law, to support its ruling that the Department was an appropriate, let alone the exclusive, forum to hear Hill's allegations.

The Department confirmed that there was no administrative remedy for Hill's claims. Following the circuit court's March 16, 1999, order, Hill filed a complaint with the Department. In a letter dated July 9, 1999, the Department responded that it does not have a remedy it can provide for past violations of section 457 of the Insurance Code.[6]

Hill admits that section 457 does not provide expressly for a private right of action, but argues that the statute creates an implied private right of action because such a right is necessary to effectuate the purpose of the statute.

●7 A private cause of action may be implied under a statute when: (1) plaintiff is a member of the class for whose benefit the statute was enacted; (2) it is consistent with the underlying purpose of the statute; (3) plaintiff's injury is one the statute was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the statute. *Rodgers v. St. Mary's Hospital*, 149 Ill. 2d 302, 597 N.E.2d 616

---

[6]The July 9, 1999, letter stated in pertinent part:
"Moreover, the Department will not hear this matter in the future, because we find there is no basis for concluding that your client has specified grounds that would warrant the initiation of a hearing due to the asserted violation of Section 457 of the Illinois Insurance Code, in that, inter alia, there is no remedy which the Department is authorized to employ which could provide a 'remedy' for the wrongful act alleged assuming such violation were proven."

(1992); *Haft v. Charter Oak Fire Insurance Co.*, 262 Ill. App. 3d 933, 635 N.E.2d 843 (1994).

•8 Casualty responds that no private right of action exists because the Insurance Code specifically empowers the Director to take the necessary actions to enforce all provisions of the Insurance Code.[7] Casualty relies on several cases which hold that no private right of action exists where the Insurance Code provides for a specific administrative remedy. *Van Vleck v. Ohio Casualty Insurance Co.*, 128 Ill. App. 3d 959, 471 N.E.2d 925 (1984); *Hoffman v. Allstate Insurance Co.*, 85 Ill. App. 3d 631, 407 N.E.2d 156 (1980); *Hamilton v. Safeway Insurance Co.*, 104 Ill. App. 3d 353, 432 N.E.2d 996 (1982); *Langendorf v. Travelers State Insurance Co.*, 625 F. Supp. 1103 (N.D. Ill. 1985). The July 9, 1999, letter from the Department, however, establishes that no specific administrative remedy exists for the wrongful acts alleged in this case.

The circuit court erred in denying Hill leave to file counts II and III of the 1999 counterclaim.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

SOUTH and BARTH, JJ., concur.

---

[7]Specifically Casualty points to sections 401(b) and (c) and 401.5 of the Insurance Code (215 ILCS 5/401(b), (c), 401.5 (West 1998)) which give the Director the power to investigate alleged violations of the Insurance Code. Casualty further argues that section 458(3) of the Insurance Code (215 ILCS 5/458(3) (West 1998) (section 458(3)) provides a specific administrative remedy for those who may be aggrieved by any "rate filings." By its express terms section 458(3) is limited to challenges to "any filing which is in effect." Neither the 1999 counterclaim nor the 1999 complaint challenges any current filing; therefore, section 458(3) does not apply.